SHIVERS, Judge,
dissenting:
I respectfully dissent.
*896 If the machine explosion, which caused no direct physical impact or injury, was the only event which caused claimant’s psychiatric condition, reversal would be required under section 440.02(18), Florida Statutes. This, however, is not the ease. The record supports the finding of the deputy commissioner that the claimant, in attempting to flee the scene of the explosion, struck her head, bruised her arm and injured her wrist. Although the claimant never mentioned the physical trauma to Dr. Suarez, on deposition Dr. Suarez was asked the following hypothetical and gave the following answer:
Q Doctor, I’d ask you to assume, if you would, that in the commotion and the fright following the fire and the explosion and while she was still located in the plant where the explosion occurred, that she struck her head, resulting in a bump on the head, and that she also suffered bruises and scrapes on her arms. I’d ask you if these would be important factors in determining why she had such a severe reaction to the explosion.
MR. RINGERS: Object to the hypothetical.
A I think someone, you know, hit the floor and become numb and become overwhelming by pain and confuse and arrive in a hurry to emergency room and there she still disoriented and confused, I think that will contribute anxiety reaction some way, somehow. So I think someone with a traumatic experience like that and she has like this type fall and result of the fall this become very confused, I think she will be more panicky still. Will be a tremendous amount of anxiety due to the fact that she cannot recognize the place where or the time, you know, around her. And the pain also probably will numb that person to, you know, a certain — to know or recognize the places around, you know. That probably will enlarge an amount the anxiety to her. [sic]
I think that this testimony by Dr. Suarez, although not eloquent, constitutes competent, substantial evidence that at least some portion of claimant’s psychiatric condition was causally related to the physical impact of the fall and the non-disabling physical injuries. I deem it legally irrelevant that the major portion of claimant’s psychiatric condition may have been due to her fright and excitement from the explosion. As this court stated in Prahl Brothers, Inc. v. Phillips, 429 So.2d 386, 387 (Fla. 1st DCA), rev. denied, 440 So.2d 353 (Fla.1983):
As in Watson, in the present case the non-disabling physical trauma was a significant causative factor in the claimant’s ensuing psychiatric impairment. As the deputy in the present case determined, in such circumstances the disability is not due to fright or excitement only, and § 440.02(18) therefore does not preclude compensability for the ensuing mental or nervous injury.
Likewise, in the instant case the disability is not due to fright or excitement only. The record provides competent, substantial evidence to support the findings of the deputy commissioner, and the law supports his conclusion. See Oolite Concrete Co. v. Carver, 145 So.2d 733 (Fla.1962); Prahl Brothers, Inc. v. Phillips, supra; City of Tampa v. Tingler, 397 So.2d 315 (Fla. 1st DCA 1981); Watson v. Melman, Inc., 106 So.2d 433 (Fla. 3d DCA 1958), cert. denied, 111 So.2d 40 (Fla.1959).
I would affirm.