56 So.2d 329 (1952)
CITY ICE & FUEL DIVISION et al.
v.
SMITH.
Supreme Court of Florida, Special Division B.
January 15, 1952.
Dixon, DeJarnette & Bradford, Miami, and Wendell C. Heaton, Tallahassee, for appellants.
T.T. Turnbull, Tallahassee, and Irving Hoffman, Hollywood, for appellee.
TERRELL, Justice.
Appellee, the claimant, an employee of appellant, was on January 12, 1950 involved in a traffic accident in which a passing automobile sideswiped the left front fender of his truck. He suffered a jolt but after an investigation secured another truck from the plant of his employer and finished the day's work. The following day was Friday. It was his day off so he did not go to work. He went to see a doctor who found no evidence of physical injury but gave him a sedative for his nerves. He worked as usual Saturday, Sunday and most of the day Monday. Late Monday his wife found him in a daze or stupor and called the doctor. After observation the doctor called Dr. Anderson, a leading psychiatrist who pronounced his condition as (1) conversion hysteria and (2) possible dementia praecox, catatonic type. He found no evidence of injury by trauma.
Reduced to cuff sleeve English the psychiatrist's diagnosis means that claimant was suffering from an emotional shock and *330 that his trouble was not aggravated by trauma. On the basis of this diagnosis and other evidence, the Deputy Commissioner found that the claimant was not entitled to compensation. The full Commission affirmed the holding of the Deputy Commissioner. On appeal to the Circuit Court the order of the full Commission was reversed. This appeal was prosecuted from the order of the Circuit Court.
The point for determination is whether or not the claimant sustained such an injury by accident as entitles him to compensation within the contemplation of the Workmen's Compensation Act.
The answer to this question turns on the application of subsection (19) of Section 440.02, Florida Statutes 1949, F.S.A., to the evidence adduced. Subsection 19 is as follows:
"(19 `Accident' shall mean only an unexpected or unusual event, happening suddenly. A mental or nervous injury due to fright or excitement only or disability or death due to the accidental acceleration or aggravation of a venereal disease or of a disease due to the habitual use of alcohol or narcotic drugs, shall be deemed not to be an injury by accident arising out of the employment. Where a preexisting disease is accelerated or aggravated by an accident arising out of and in the course of the employment, only acceleration of death or the acceleration or aggravation of disability reasonably attributable to the accident shall be compensable."
An examination of the evidence shows no traumatic injury whatever. There is evidence to the effect that claimant was constantly in financial difficulties and could not meet his bills, that on account of this and other stresses he was nervous and under tension much of the time. It was also shown that he claimed to have sold a refrigerator for his employer on deferred payment plan but that it later developed that he sold it for cash. The evidence as a whole shows a bad nervous disturbance but no cuts or bruises.
The Deputy Commissioner and the full Commission denied relief on the theory that the claimant did not receive an injury by accident as contemplated by the quoted statute. The Circuit Court reversed on the theory that the evidence of the claimant's wife and other witnesses raised a presumption in favor of the claimant, that the injury arose out of and in the course of his employment. The Circuit Court also found that the evidence was in conflict as to whether or not the injury resulted from the accident.
This Court has consistently held that no such presumption will be indulged but that both the injury and the fact that it happened in the course of claimant's employment must be proven. Sims Tire Service v. Parker, 146 Fla. 23, 200 So. 524; Travelers Ins. Co. v. Taylor, 147 Fla. 210, 3 So.2d 381; Wesley v. Warth Paint & Hardware Co., Fla., 52 So.2d 346; Crawford v. Benrus Market, Fla., 40 So.2d 889.
In the last cited case we held that the probative value of the evidence was for the Industrial Commission to determine and that its finding should not be reversed unless shown to be clearly erroneous. See also Cook v. Beck, Fla., 48 So.2d 743. We think this rule is particularly applicable to the case at bar. It takes more than a presumption on the part of the Court to overthrow the finding of the Industrial Commission. Drawing presumptions from the evidence is permitted to the Commission but not to the Court. A careful examination of the evidence amply supports the Commission's finding. In fact, the apparent conflicts were reduced to the shadow of a contention on cross-examination.
An examination of the applicable statute and the evidence shows that at best the claimant was afflicted with nothing more than "a mental or nervous injury due to fright or excitement only" which is not an injury by accident arising in the course of his employment and is not compensable. Such was the holding of the Deputy and the full Commission.
Reversed.
SEBRING, C.J., and ROBERTS and MATHEWS, JJ., concur.