89 So.2d 794 (1956)
SUPERIOR MILL WORK and Fireman's Fund Indemnity Company, Petitioners,
v.
Herbert GABEL and Florida Industrial Commission, Respondents.
Supreme Court of Florida. Division B.
October 3, 1956.
Dixon, DeJarnette, Bradford & Williams and Douglas M. Carlton, Miami, for petitioners.
Wepman & Wepman, Miami, Burnis T. Coleman and Rodney Durrance, Tallahassee, for respondents.
ROBERTS, Justice.
This is a workmen's compensation case in which the sole issue is whether the claimant is entitled to compensation for disability caused by an anxiety neurosis. The facts *795 out of which the question arose are, briefly, as follows:
The claimant has for some years suffered from varicose veins in both legs. In June of 1953, he was injured in the course of his employment when a stack of lumber fell on his right ankle. The injury aggravated his varicose vein condition and, in October of 1953, he developed thrombophlebitis in his right leg, for which he was hospitalized. The blood clot progressed to his lung and lodged there (a pulmonary embolus), but he was successfully treated and discharged from the hospital in three or four weeks. Thereafter, in June of 1954, he was found to be again suffering from thrombophlebitis in his right leg, and a ligation of the saphenous vein of the right leg was performed in order to prevent another pulmonary embolus. The claimant had had thrombophlebitis in his left leg in 1950, for which he had been hospitalized for a short time. In July of 1955, when the hearing was had on his claim for disability, he was found to be depressed and apathetic and in constant fear that, if he resumed his usual employment as a millworker (which required standing on his feet for long periods), he would develop thrombophlebitis in his left leg and another pulmonary embolus therefrom. The Deputy Commissioner and the Full Commission found that the claimant's anxiety neurosis was, in these circumstances, a compensable injury and awarded compensation for total disability caused by the neurosis. The employer and carrier seek a review of this order, on petition for certiorari.
It is generally held that "when there has been a physical accident or trauma, and claimant's disability is increased or prolonged by traumatic neurosis or hysterical paralysis * * * the full disability including the effects of the neurosis is compensable." Larson's Workmen's Compensation Law, 1952, Sec. 42.22. In this state, as in some others, there must be an actual physical injury upon which to predicate compensation for a neurosis. See City Ice & Fuel Division v. Smith, Fla. 1952, 56 So.2d 329; Larson, ibid., Sec. 42.23. And in all workmen's compensation cases we have read involving a post-traumatic neurosis, it appears that the neurosis was the direct and immediate result of the industrial injury (or accident, in those states where recovery is allowed without an actual physical injury). As stated in Thompson v. Railway Express Agency, Mo. App. 1951, 236 S.W.2d 36, 39,
"A psychoneurosis under some circumstances does present compensable injury but this should not open the way for indiscriminate compensation on that score simply because it follows an accident. The causal connection with the accident must be proven by clear evidence, for such a neurosis may arise from any number of causes. * * * The causal connection with an accident must not be remote." (Emphasis added.)
Here, the claimant's neurosis did not result directly and immediately from his injury. Assuming the facts found by the Deputy Commissioner to be true, they are that (1) the claimant received an injury to his ankle, which (2) by aggravation of a pre-existing disease resulted in a disease known as thrombophlebitis, which (3) resulted in a disease known as pulmonary embolus, which (4) resulted in a disease known as an anxiety neurosis. The neurosis did not develop until some time after the industrial accident  apparently after the second episode of thrombophlebitis in his right leg in June of 1954; and the medical evidence is not clear (and the Deputy Commissioner did not specifically find) that the June 1954 thrombophlebitis was the result of the industrial injury sustained in June of 1953. The industrial injury could not possibly result in the thing feared (a pulmonary embolus), because the saphenous ligation admittedly will prevent a pulmonary embolus from developing as a result of a blood clot in his right leg.
This court has consistently given a liberal interpretation to our Workmen's Compensation *796 Act, F.S.A. § 440.01 et seq. and, in doubtful cases, resolved such doubts in favor of the claimant. But where, as here, the claimant's neurotic disability is only remotely and incidentally related to an industrial injury, we do not think that industry should be required to bear the cost of the disability.
Accordingly, certiorari is granted, the order reviewed is quashed, and the cause remanded for further proceedings not inconsistent with the opinions herein expressed.
It is so ordered.
TERRELL, Acting C.J., O'CONNELL, J., and CROSBY, Associate Justice, concur.