106 So.2d 433 (1958)
Vennie M. WATSON, Petitioner,
v.
MELMAN, Inc. and Florida Industrial Commission, Respondents.
No. 58-450.
District Court of Appeal of Florida. Third District.
November 6, 1958.
Rehearing Denied December 4, 1958.
Edward Schroll, Miami, for petitioner.
Hill, Welsh, Cornell, Ross & Pyszka. Miami, for Melman, Inc.
*434 Burnis T. Coleman and Paul E. Speh, Tallahassee, for Florida Industrial Commission, respondents.
PEARSON, Judge.
The claimant in a Workmen's Compensation proceeding petitions for certiorari. She complains of an order of the Florida Industrial Commission which set aside the deputy commissioner's order allowing her claim and directed that her claim be denied. The burden of the petition is that the full commission in its order, reversing the order of the deputy commissioner, misapplied section 440.02(19), Fla. Stat., F.S.A.[1] The petition is well founded and the order of the full commission is reversed.
The deputy commissioner made the following findings: While the claimant was working at a sewing machine in her employer's place of business a fellow employee picked up a cardboard spool weighing eight and one-half ounces and tossed it towards the claimant, intending that it should go over her head and into a trash receptacle some fifteen feet away. The edge of the spool struck the claimant immediately behind her ear. Other than a slight discoloration of the skin, no sign was left upon the area where the blow struck.
The deputy commissioner further found:
"That, by reason of the accidental death of her teen-age son by being struck a blow upon his head, an injury of such a nature as the claimant sustained was of sufficient connotation to the claimant to constitute the `symbolic significance' described by Dr. Gilbert, and that, having been divorced in her later years of life and required to engage in strenuous labor to provide for herself and her daughter, and to thereafter sustain an injury of `symbolic significance' was sufficient to constitute a significant threat to her financial security as also described by Dr. Gilbert, and that by reason of her industrial accident of May 25, 1956, the claimant, although incurring no organic disability whatsoever, did incur a traumatic neurosis whereby she is now and has been since the aforesaid date temporarily and totally disabled."
As to this finding the full commission held:
"The Deputy Commissioner has made a finding that `although incurring no organic disability whatsoever, (she) did incur a traumatic neurosis.' The finding the Deputy made with respect to claimant's suffering from no `organic disability' is supported by competent substantial evidence; however, we are of the opinion that the Deputy has misconstrued the law in respect thereto. Apparently Section 440.02(19), Florida Statutes [F.S.A.], which states, in part, `A mental or nervous injury due to fright or excitement only * * * shall be deemed not to be an injury by accident arising out of the employment,' has been unintentionally overlooked or deemed inapplicable."
The conclusion reached by the full commission is simply "[S]aid claim should be dismissed, in that fright alone does not constitute an injury by accident."
There is no doubt that the claimant sustained "an accident arising out of and in the course of her employment." The only question is whether compensation is barred by the provisions of section 440.02 (19), Fla. Stat., F.S.A.
The full commission placed strong emphasis upon the deputy commissioner's finding *435 of "no organic disability". It should be pointed out that the deputy commissioner did not say "no organic injury". Disability is defined by the Workmen's Compensation Act:
"`Disability' means incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury." (Emphasis added.) Section 440.02(9), Fla. Stat., F.S.A.
Therefore the only significance of the finding of "no organic disability" is that the claimant was found not to be incapacitated for work by reason of an organic condition. Nevertheless, the commissioner found that she did suffer an injury to her body and that as a direct result of the injury she was at the date of the hearing temporarily and totally disabled.
The question then, when reduced to its essentials may be stated as follows: Is compensation for a purely nervous condition, resulting from accident arising out of and in the course of employment, recoverable under the Florida Workmen's Compensation Act? We think that this question has already been answered for the claimant by the Supreme Court in Superior Mill Work v. Gabel, Fla. 1956, 89 So.2d 794, 795.
"It is generally held that `when there has been a physical accident or trauma, and claimant's disability is increased or prolonged by traumatic neurosis or hysterical paralysis * * * the full disability including the effects of the neurosis is compensable.' Larson's Workmen's Compensation Law, 1952, Sec. 42.22. In this state, as in some others, there must be an actual physical injury upon which to predicate compensation for a neurosis. See City Ice & Fuel Division v. Smith, Fla. 1952, 56 So.2d 329; Larson, ibid., Sec. 42.23."
It is true that having laid down this principle the Supreme Court went further to find that the claimant's neurosis in that case did not result directly and immediately from his injury.
Section 42.22 of Larson's Workmen's Compensation Law, quoted with approval in Superior Millwork v. Gabel, supra, continues in part, "As in other connections, a pre-existing weakness in the form of a neurotic tendency does not lessen the compensability of an injury which precipitates a disabling neurosis."
It will also be noted that in the case of City Ice & Fuel Division v. Smith, Fla. 1952, 56 So.2d 329, the court was careful to point out that the claimant suffered emotional shock only and that his trouble was not aggravated by trauma.
The problem in the instant case is not whether there was an injury, because the deputy commissioner found that there was a blow, although not of itself disabling. He further found that there was a "traumatic neurosis", which by definition includes an injury. Nor is the problem whether there is a causal connection between the injury and the neurosis, as in Superior Millwork v. Gabel, supra, because the deputy commissioner found such a connection, and the full commission does not mention this finding. A review of the record reveals competent, substantial evidence, as a basis for the finding, in the testimony of several of the doctors who testified before the deputy commissioner.
The conclusion reached by the Industrial Commission could only be reached by a determination that there was no injury, and such a conclusion is exactly contrary to the finding of the deputy commissioner who is the trier of fact.
Accordingly, certiorari is granted, the order reviewed is quashed, and the cause remanded for further proceedings not inconsistent herewith.
CARROLL, CHAS., C.J., and HORTON, J., concur.
NOTES
[1] "`Accident' shall mean only an unexpected or unusual event or result, happening suddenly. A mental or nervous injury due to fright or excitement only or disability or death due to the accidental acceleration or aggravation of a venereal disease or of a disease due to the habitual use of alcohol or narcotic drugs, shall be deemed not to be an injury by accident arising out of the employment. * * *." Section 440.02(19), Fla. Stat., F.S.A.