O’CONNELL, Justice.
Jessie Carver, respondent herein, in an order entered by the deputy commissioner, was awarded compensation for temporary total and permanent partial disability, reimbursement for medical treatment by Dr. O. Whitmore Burtner, payment of another doctor’s bill for examination of claimant, further remedial care and attorneys’ fees. The employer, Oolite Concrete Company, and its carrier, New Amsterdam Casualty Company, applied for review by the Florida Industrial Commission, which affirmed. The employer and carrier next petitioned this Court for its writ of certiorari to review the order of the commission.
Claimant suffered physical injury when blown into the air because of an accidental discharge of dynamite. Petitioners accepted the injury as being compensable and furnished compensation benefits accordingly.
The deputy found that as a result of the accident claimant suffered a disabling anxiety complex. His claim for additional benefits was primarily predicated upon the anxiety complex rather than upon the physical injury and the deputy’s award was correspondingly predicated.
Petitioners argue that the award was erroneous in that it was based upon “fright” only, whereas Section 440.02(19), F.S.A., specifies that injury due to “fright or excitement only * * * shall be deemed not to be an injury by accident arising out of the employment.”
The commission correctly upheld the deputy in that respect. The ruling must be affirmed on the authority of Lyng v. Rao, Fla.1954, 72 So.2d 53; Moses v. R. H. Wright & Son, Inc., Fla.1956, 90 So.2d 330; and Watson v. Melman, Inc., Fla.App.1958, 106 So.2d 433, cert. den. Fla., 111 So.2d 40. As in the instant case, in each of those cases the disability for which compensation was awarded was mental, and in each instance some physical trauma or organic injury, although relatively minor, was suffered by the claimant in the compensable accident found to be responsible for the disabling mental condition.
We agree, however, with the petitioners as to their second point. They assail the action of the deputy in ordering them to reimburse claimant for expenses incurred in obtaining medical treatment by Dr. Burtner.
The deputy’s order held that claimant was entitled to treatment by Dr. Burtner, the physician of his own choice, which finding is supported by competent substantial evidence. But the deputy also ruled that Dr. Burtner “is hereby excused from filing the required reports” and it is with that ruling that we are concerned.
*735 Under the provisions of Section 440.13(1), F.S.A., an employee who is found to be justified in receiving treatment from a physician of his own choosing rather than one furnished by the employer, is not entitled to payment of, or reimbursement for, the cost of medical treatment from such doctor, unless that doctor files certain medical reports with the commission within ten days following the first treatment and thereafter at such intervals as the commission may describe. In this instance there was no compliance with this mandate. However, the statute provides that the commission “for good cause” may excuse the failure of the physician to furnish the reports.
The deputy’s order, while reflecting that he found good cause to excuse Dr. Burtner’s noncompliance with the statute, does not reveal the basis of his finding. We are given no clue from his order as to what that cause might have been in the eyes of the deputy.
We have examined the record in an effort to determine whether anything therein would support the deputy’s finding in this respect. Our search reveals that the only reason given by Dr. Burtner for his failure to file the reports was “no one asked me to.”
The doctor stated he knew from the beginning that claimant came to him as a workmen’s compensation case. He said claimant was referred to him by claimant’s attorney. The doctor said that although he usually asked who was the employer he did not believe he did in this case and he admitted he never made any effort to determine who the carrier was.
The doctor did testify that on one occasion during the period which he treated the claimant he submitted a bill to claimant’s attorney, but there was no showing the bill was then forwarded to the carrier.
We cannot accept as “good cause” for the failure to file the required reports the fact “no one asked me to.”
The carrier had no obligation to discover who was treating the claimant and then insure that the physician file his reports so that the claimant’s right to reimbursement might be preserved. In a situation such as is involved in this case, the burden of filing the required reports, or justifying the failure to do so, is on the claimant and/or his physician.
We reach the conclusion that there is in the record no showing of good cause for the failure to file the medical reports and thus the deputy must be reversed in that respect.
Accordingly the petition for writ of certiorari is hereby granted and the order of the commission is affirmed in part and quashed in part. The cause is remanded to it with directions to reverse the deputy’s order insofar as it directed petitioners to reimburse the claimant for expenses incurred in the treatment by Dr. Burtner.
It is so ordered.
ROBERTS, C. J., and THORNAL, CALDWELL and HOBSON (Ret.), JJ., concur.