397 So.2d 315 (1981)
CITY OF TAMPA, Appellant,
v.
David L. TINGLER, Appellee.
No. VV-31.
District Court of Appeal of Florida, First District.
February 6, 1981.
Rehearing Denied April 21, 1981.
*316 James A. Sheehan, Tampa, for appellant.
Joseph L. Thury, Tampa, for appellee.
WENTWORTH, Judge.
The self-insured employer appeals a workers' compensation order and contends, among other issues, that the deputy should have denied the claim for untimely notice of injury. We find no reversible error and affirm the order appealed.
Claimant, a city police officer, was required to intercede in a domestic dispute; a physical struggle ensued and claimant's arm was severely twisted. Although claimant soon recovered from this physical trauma, he thereafter developed a disabling psychophysiological reaction.
Section 440.185(1), Florida Statutes, requires that an employer be given notice, within 30 days, that an injury has resulted from an industrial accident. See Crossroads Villa v. Hutchins, IRC Order 2-3237 (Sept. 27, 1977), cert. dismissed 353 So.2d 676 (Fla. 1977). But the time for notice does not begin to run until the claimant is aware of such facts as would indicate that the injury is causally related to the industrial accident. Escarra v. Winn Dixie Stores, Inc., 131 So.2d 483 (Fla. 1961). In the present case the claimant did not give formal notice of the relation between his psychophysiological reaction and the employment altercation until ten months after the employment incident. However, the record does not conclusively establish that claimant was aware of such causal relation before this time. We therefore conclude that the present case falls within the Escarra rule and that notice of injury was timely given. We also note that, immediately after the employment altercation, claimant filed a police report which detailed the occurrences of the employment altercation and noted the battery which occurred during the physical struggle.
The order appealed is affirmed.
ROBERT P. SMITH, Jr., J., concurs.
MILLS, C.J., dissents.
MILLS, Chief Judge, dissenting:
I dissent. I would reverse the deputy's order.
The City appeals a workers' compensation order awarding Tingler permanent partial disability benefits, contending the deputy erred in finding that Tingler timely filed notice of his injury.
On 26 August 1978, as part of his employment duties as a police officer, Tingler was required to intercede in a domestic dispute. During the physical struggle, his arm was twisted.
Prior to this employment incident, Tingler was getting minor headaches toward the end of his work shift, and having trouble sleeping, however, he was able to continue working. After this employment incident, he experienced back spasms, headaches, cramps, trouble sleeping, muscle spasms in his arms, legs, and neck, a sore throat, rectal bleeding, and a sweat rash. He eventually obtained medical treatment and his condition was diagnosed as a chronic anxiety reaction resulting from the employment incident, or a psychophysiological reaction with musculoskeletal difficulties and severe anxiety overlay.
Although Tingler reported the employment altercation in the police report, he did *317 not indicate that he sustained any injury and he did not file a notice of injury until June of 1979.
Section 440.185(1), Florida Statutes (1978), requires notice of injury within 30 days of its occurrence. Tingler did not give notice of his injury until ten months after its occurrence. Although a report of the employment incident was filed, the report did not indicate that Tingler sustained any injury, thus, does not constitute a notice of injury within the meaning of Chapter 440. Crossroads Villa v. Hutchins, IRC Order 2-3237 (Sept. 27, 1977), cert. dismissed 353 So.2d 676 (Fla. 1977).
In Escarra v. Winn Dixie Stores, Inc., 131 So.2d 483 (Fla. 1961), it was indicated that the time for notice does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness, and probable compensable character of the injury. The court further explained that recognition of the injury's probable compensable character contemplates knowledge of facts indicating that the disability is causally related to the industrial occurrence. Tingler's testimony suggests that, although he was not immediately aware of such causal relations, he realized it within a few months after the employment incident. The lack of subjective realization as to compensability of an injury is not an adequate excuse for failure to give timely notice of injury. Southern Culvert Pipe Co. v. Oswalt, 382 So.2d 1365 (Fla. 1st DCA 1980).
The deputy erred in not finding that claimant's notice of injury was untimely and unexcused. The City's "complete knowledge of the accident" did not include knowledge that Tingler sustained an injury. While the claim for benefits may have been made as soon as Tingler "reasonably realized that his injuries were compensable", it appears that he long before realized that his injury was causally related to the industrial incident.

ON MOTION FOR REHEARING DENIED
WENTWORTH, Judge.
Appellant asserts by motion for rehearing that "even if there [was] a physical injury in this case, it didn't cause the claimant's psychiatric disability, which it must do for the case to be compensable." The decision in Watson v. Mellman, 106 So.2d 433 (Fla. 3d DCA 1958), indicates the sufficiency (even in cases of pre-existing pre-disposing conditions) of causal relation between psychiatric disability and minor non-permanent physical trauma in employment when, as in this case, the medical testimony is that the "physical involvement of the struggle did in fact contribute a lot to the cause of the psychiatric problems." We note also that the original police report described the "struggle" and assault on the claimant officer, although appellant accurately corrects the terminology of the opinion, supra, in that the record evidence is only that claimant's arm was "jerked" and "wrenched" instead of twisted, except by loose translation of the account of the whole occurrence.
The motion for rehearing is denied.
ROBERT P. SMITH, Jr., J., concurs.
MILLS, C.J., dissents.
MILLS, Chief Judge, dissenting:
I dissent. I would grant the appellant's motion for rehearing for the reasons expressed in my dissenting opinion and appellant's subsequent motion for rehearing.