429 So.2d 386 (1983)
PRAHL BROTHERS, INC. and Florida Farm Bureau Insurance Company, Appellants,
v.
Margaret PHILLIPS and Division of Workers' Compensation, Appellees.
No. AM-442.
District Court of Appeal of Florida, First District.
March 22, 1983.
Rehearing Denied April 26, 1983.
*387 Steven Kronenberg, of Adams, Kelley, Kronenberg & Rutledge, Miami, for appellants.
Jerold Feuer, Miami, for appellees.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order which found that claimant sustained a compensable injury and awarded temporary disability benefits to her. Employer/carrier contend that § 440.02(18), Florida Statutes, precludes an award of benefits in the circumstances of the present case. We agree with the deputy commissioner that claimant's injury was not one "due to fright or excitement only" (e.s.), within the constraints of the cited statute, and we affirm the order appealed.
An armed robbery occurred while claimant was employed as a switchboard operator at a Miami hotel; during the course of this robbery a handgun was placed to claimant's head, a ring was physically removed from her finger, and she was forced to lie on the floor. Although claimant sustained no visible contusion or immediate physical disability as a result of this incident, she soon thereafter developed a disabling psychiatric impairment. Testimony of claimant's treating physician clearly established that this psychiatric impairment was precipitated by the employment-related robbery, and that a gun being placed to her head and a ring being physically removed from her finger were significant circumstances in the causal etiology of claimant's mental injury.
Section 440.02(18) provides, in pertinent part, that:
A mental or nervous injury due to fright or excitement only ... shall be deemed not to be injury by accident arising out of the employment....
It is well established that compensation for neurosis must be predicated upon an underlying physical injury or trauma. See e.g., Superior Millwork v. Gabel, 89 So.2d 794 (Fla. 1956); Indian River County Sheriff's Department v. Roske, 417 So.2d 1161 (Fla. 1st DCA 1982); Williams v. Hillsborough County School Board, 389 So.2d 1218 (Fla. 1st DCA 1980), pet. for rev. denied, 397 So.2d 780 (Fla. 1981). However, the underlying physical injury or trauma need not be itself disabling for the ensuing mental or nervous injury to be compensable. See Watson v. Melman Inc., 106 So.2d 433 (Fla. 3d DCA 1958), cert. denied 111 So.2d 40 (Fla. 1959).
In Watson the claimant was struck on the head by a cardboard spool; although the blow produced no visible physical injury other than a slight discoloration of the skin, the claimant's ensuing psychiatric impairment was nevertheless compensable. In so ruling the court focused on the clear evidence of causal relation and the "symbolic significance" which the blow held for the particular claimant.
As in Watson, in the present case the non-disabling physical trauma was a significant causative factor in the claimant's ensuing psychiatric impairment. As the deputy in the present case determined, in such circumstances the disability is not due to fright or excitement only, and § 440.02(18) therefore does not preclude compensability for the ensuing mental or nervous injury.
The order appealed is affirmed.
JOANOS and SHIVERS, JJ., concur.