SMITH, Judge.
The City of Holmes Beach and ISAC (E/C) appeal an order of the judge of compensation claims awarding claimant benefits for psychiatric injury arising out of an incident which occurred on July 17, 1985. The E/C contend that there is no evidence in the record establishing a causal relationship between the very minor physical trauma suffered by the claimant on July 17, 1985, and claimant’s subsequent post-traumatic stress disorder. In essence, argue the E/C, this is essentially a “fright” case and that section 440.02(1), Florida Statutes (1985), defining “accident” excludes a mental or nervous injury due to fright or excitement only. We affirm.
On July 17, 1985, claimant, a police officer, stopped an individual who was suspected of stealing an automobile. During the arrest procedure, the claimant had the suspect facedown on the ground and was attempting to handcuff him. The suspect was unwilling to be handcuffed, a struggle ensued, and during this struggle, the suspect struck claimant several times with his elbow. Claimant withdrew his gun from his holster and pointed it in the suspect’s back. When claimant again attempted to handcuff the suspect, claimant’s gun discharged, shooting the suspect twice in the back and killing him.
After a brief absence, claimant returned to work. However, in April 1987, claimant was involved in an altercation with a motorist and it became clear to him and others that he had to leave the police force for emotional and physical reasons. Claimant was diagnosed as suffering from post-traumatic stress disorder which the doctors causally related to the traumatic incident which occurred on July 17, 1985.
It is our view that the act of the suspect in striking claimant is inseparably interlocked with claimant’s act of taking his gun out to intimidate and subdue the suspect. Accordingly, we do not agree with the E/C that the doctors were required to explicitly testify that the striking of claimant, which was an integral part of the July 17th incident, was a significant circumstance in the causal etiology of claimant’s psychiatric illness. This was implicit in their testimony. Accordingly, because we find this case virtually indistinguishable from prior decisions of this court, we affirm the compens-ability of this claim. See Sheppard v. City of Gainesville Police Department, 490 So.2d 972 (Fla. 1st DCA 1986); Prahl Brothers, Inc. v. Phillips, 429 So.2d 386 (Fla. 1st DCA 1983); and City of Tampa v. Tingler, 397 So.2d 315 (Fla. 1st DCA 1981).
However, because a recent decision of the Florida Supreme Court, Byrd v. Richardson-Greenshield Security, 552 So.2d 1099, 1101 n. 4 (Fla.1989), casts doubt on the continuing validity of Sheppard, and the line of cases upon which it relies, we certify the following question to the Florida Supreme Court:
WHETHER SECTION 440.02(1), FLORIDA STATUTES (1985), DEFINING “ACCIDENT” EXCLUDES A MENTAL OR NERVOUS INJURY WHERE THE INJURY SUFFERED BY THE CLAIMANT RESULTS IN ONLY MINOR PHYSICAL CONSEQUENCES?
WIGGINTON, J., concurs.
BARFIELD, J., concurs with opinion.