598 So.2d 71 (1992)
CITY OF HOLMES BEACH, Petitioner,
v.
Michael GRACE, Respondent.
No. 76883.
Supreme Court of Florida.
April 30, 1992.
*72 Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for petitioner.
Alex Lancaster of Alex Lancaster, P.A., Sarasota, for respondent.
GRIMES, Justice.
We review City of Holmes Beach v. Grace, 570 So.2d 1011 (Fla. 1st DCA 1990), in which the district court of appeal certified the following question as one of great public importance:
WHETHER SECTION 440.02(1), FLORIDA STATUTES (1985), DEFINING "ACCIDENT" EXCLUDES A MENTAL OR NERVOUS INJURY WHERE THE INJURY SUFFERED BY THE CLAIMANT RESULTS IN ONLY MINOR PHYSICAL CONSEQUENCES?
Id. at 1012. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Michael Grace was employed as a police officer for the Holmes Beach Police Department. On July 17, 1985, Grace stopped an individual he suspected of stealing a car. Grace had the suspect face down on the ground and was attempting to handcuff him when a struggle ensued. During the struggle, the suspect struck Grace several times with his elbow. Grace took his gun from his holster and pointed it against the suspect's back. While Grace again attempted to put on the handcuffs, the suspect moved. As a consequence, the gun accidentally discharged, shooting the suspect twice in the back and killing him.
After a brief absence, Grace returned to work. In April of 1987 he was involved in an altercation with a motorist and was subsequently relieved of his duties. Grace was diagnosed as suffering from post-traumatic stress disorder relating to the incident of July 17, 1985. In affirming a workers' compensation award of temporary total disability benefits, the district court of appeal stated:
It is our view that the act of the suspect in striking claimant is inseparably interlocked with claimant's act of taking his gun out to intimidate and subdue the suspect. Accordingly, we do not agree with the E/C [employer/carrier] that the doctors were required to explicitly testify that the striking of claimant, which was an integral part of the July 17th incident, was a significant circumstance in the causal etiology of claimant's psychiatric illness. This was implicit in their testimony. Accordingly, because we find this case virtually indistinguishable from prior decisions of this court, we affirm the compensability of this claim. See Sheppard v. City of Gainesville Police Department, 490 So.2d 972 (Fla. 1st DCA 1986); Prahl Brothers, Inc. v. Phillips, 429 So.2d 386 (Fla. 1st DCA 1983); and City of Tampa v. Tingler, 397 So.2d 315 (Fla. 1st DCA 1981).
City of Holmes Beach v. Grace, 570 So.2d at 1012.
Where there has been a physical accident or trauma and the claimant's disability is increased or prolonged by traumatic neurosis, the full disability, including the effects of the neurosis, is compensable under the workers' compensation law. Superior Mill Work v. Gabel, 89 So.2d 794 (Fla. 1956). However, pursuant to section 440.02(1), Florida Statutes (1985), a "mental or nervous injury due to fright or excitement only ... shall be deemed not to be an injury by accident arising out of the employment," and is therefore not compensable under workers' compensation.
The earliest case on this subject is City Ice & Fuel Division v. Smith, 56 So.2d 329 (Fla. 1952), in which a passing automobile sideswiped the left front fender of the truck which the claimant was driving. The claimant suffered a jolt, but the doctor who examined him the following day found no evidence of physical injury. He was later found to be suffering from emotional shock. The Court held that due to the complete lack of any physical injury, at best the claimant was afflicted with nothing more than a "mental or nervous injury due to fright or excitement only," which was not compensable under the statute. Id. at 330.
In a similar vein, compensation was also denied in Superior Mill Work. In that *73 case, a stack of lumber fell on the claimant's right ankle, which aggravated his varicose vein condition. As a result, he developed thrombophlebitis in his right leg, which led to a pulmonary embolism. An operation was finally performed on his right leg to prevent another pulmonary embolism. As it happened, the claimant had had thrombophlebitis in his left leg several years before. At the hearing on his claim for disability, the claimant was found to be depressed and in constant fear that if he resumed his usual occupation he would develop thrombophlebitis in his left leg which would result in another pulmonary embolism. The deputy commissioner and the full commission found that the claimant's anxiety neurosis was compensable. This Court reversed and stated:
It is generally held that "when there has been a physical accident or trauma, and claimant's disability is increased or prolonged by traumatic neurosis or hysterical paralysis * * * the full disability including the effects of the neurosis is compensable." Larson's Workmen's Compensation Law, 1952, Sec. 42.22. In this state, as in some others, there must be an actual physical injury upon which to predicate compensation for a neurosis. See City Ice & Fuel Division v. Smith, Fla. 1952, 56 So.2d 329; Larson, ibid., Sec. 42.23. And in all workmen's compensation cases we have read involving a post-traumatic neurosis, it appears that the neurosis was the direct and immediate result of the industrial injury (or accident, in those states where recovery is allowed without an actual physical injury).
Superior Mill Work, 89 So.2d at 795.
On the other hand, this Court has never required that the physical injury be especially serious. For example, in cases where the claimant's being struck by lightning caused a mental or nervous injury, this Court has upheld compensation awards even though there was little or no evidence of physical injury. Moses v. R.H. Wright & Son, Inc., 90 So.2d 330 (Fla. 1956); Lyng v. Rao, 72 So.2d 53 (Fla. 1954). Similarly, we also upheld a compensation award where a claimant suffered an anxiety complex after he was blown into the air by an accidental discharge of dynamite. Oolite Concrete Co. v. Carver, 145 So.2d 733 (Fla. 1962). In Carver, we pointed out that the claimant had suffered a physical injury in the accident, as required for compensation, even though the injury was relatively minor.
On occasion, the district courts of appeal have attempted to circumvent the statutory exclusion by approving compensation awards for mental or nervous injuries caused by accidents in which the claimant suffered some physical touching, but almost no physical trauma. For example, in Sheppard v. City of Gainesville Police Department, 490 So.2d 972 (Fla. 1st DCA 1986), a policeman suffered from post-traumatic stress disorder caused by an incident in which he went to the assistance of an injured bicyclist. When the policeman bent over him to render aid, the victim became combative and lurched toward the policeman in a violent manner. He grabbed the policeman by the upper right arm and snatched his shoulder. A psychiatrist testified that when the victim looked the policeman in the eye and grabbed him, he had a flashback to an earlier incident in which he had to kill someone under similar circumstances, thereby causing a psychiatric disability. The court held that the claimant's mental condition was not due to fright or excitement only, but resulted from a combination of fright and excitement and the trauma of being grabbed by the accident victim.
A similar result was reached in Prahl Brothers, Inc. v. Phillips, 429 So.2d 386 (Fla. 1st DCA), review denied, 440 So.2d 353 (Fla. 1983). In that case, the claimant had been robbed. During the course of the robbery a handgun was placed at the claimant's head, her ring was physically removed from her finger, and she was forced to lie on the floor. Despite the absence of a visible contusion or physical disability, the court affirmed a compensation award for the psychiatric impairment suffered by the claimant as a result of the incident.
Professor Larson believes that a person suffering from a mental or nervous condition that is caused by an accident occurring *74 on the job should be covered by workers' compensation regardless of the existence of a physical injury. 1B The Law of Workmen's Compensation (MB) § 42.23 (Mar. 1991). A majority of jurisdictions have taken this position, although the contrary view continues to command a substantial following. Id. Larson argues that other states should adopt the majority view because it correctly evaluates injuries according to the effect on the total organism, rather than creating an arbitrary distinction between injuries to the mind and injuries to the body. He says that the "device of leaning on any tiny evidence of bones-fleshand-ligaments injury as a crutch to avoid standing up to the true issue [of compensating for mental injury in the absence of actual physical injury] is wearing thin." Id. at 7-911.
While there appears to be some merit to Professor Larson's view, we are limited by the strictures of section 440.02(1), Florida's "unique amendment" which bars compensation for mental or nervous injury due to fright or excitement only. For a mental or nervous injury to be compensable in Florida, there must have been a physical injury. Otherwise, the disability would have been caused only by a mental stimulus, and must be denied coverage under the statutory exclusion. A mere touching cannot suffice as a physical injury. Decisions such as Sheppard and Prahl Brothers were obviously grounded upon a desire to avoid what was perceived as the harsh results of the statute. While we may be sympathetic to the motivation, we cannot accept the logic. Accordingly, we disapprove of these cases.
Assuming the existence of physical injury, the pivotal question then becomes whether the physical injury is a causative factor in the claimant's mental or nervous injury. Obviously, when a physical injury is more serious, there is a greater likelihood that it played a part in the ensuing mental disorder. However, the fact that the physical injury is relatively minor will not necessarily result in the denial of compensation. Watson v. Melman, Inc., 106 So.2d 433 (Fla. 1958), cert. denied, 111 So.2d 40 (Fla. 1959), is a good illustration of a case in which the claimant's mental or nervous condition was properly compensable even though her physical injury was minimal. In Watson, the claimant was working in her employer's place of business when a fellow employee tossed a cardboard spool weighing eight and one-half ounces toward the claimant, intending that it should go over her head and into a trash receptacle fifteen feet away. The edge of the spool struck the claimant behind her ear, causing a slight discoloration of the skin. No sign was left on the area where the blow struck. The court upheld the compensation award for the "traumatic neurosis" which resulted from the incident. Id. at 435. While fright or excitement played a large role in Watson, the claimant's psychiatric problems would not have occurred without the physical injury caused by being hit on the head with a spool.
Because section 440.02(1) speaks in terms of causation, we have chosen to reword the certified question as follows:
WHETHER SECTION 440.02(1), FLORIDA STATUTES (1985), DEFINING "ACCIDENT," EXCLUDES A MENTAL OR NERVOUS INJURY WHERE THE PHYSICAL INJURY SUFFERED BY THE CLAIMANT WAS NOT A CAUSE OF THE MENTAL OR NERVOUS INJURY?
As reworded, we answer the question in the affirmative.
Turning to the instant case, it is clear that Grace did not suffer a physical injury when the suspect's elbow struck him as he attempted to put on the handcuffs. Furthermore, there was no medical testimony which remotely implied that the striking of Grace was a cause of his psychiatric illness. Therefore, Grace's disability was not caused by an accident as defined by section 440.02(1). We quash the decision below.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.