PER CURIAM.
This cause is before us on appeal from an order finding claimant’s mental condition compensable. The Supreme Court, in City of Holmes Beach v. Grace, 598 So.2d 71 (Fla.1992), disapproves the line of cases from this court holding mental or nervous conditions compensable without physical injury, and states the following rule:
For a mental or nervous injury to be compensable in Florida, there must have been a physical injury. Otherwise, the disability would have been caused only by a mental stimulus, and must be denied coverage under the statutory exclusion. A mere touching cannot suffice as a physical injury.
In the instant case, there is no physical injury upon which to predicate compensation. The record does not contain any evidence that claimant ever attempted to seek medical help for any physical injury. On the contrary, claimant testified as follows:
Q. You claim that Mr. Sella pushed you into the chair by how, pushing on your arm, your shoulder, your chest?
A. My shoulder.
Q. Your right shoulder?
A. Yes.
Q. You never received any medical treatment for that shoulder, did you?
A. No, I didn’t think nothing of, you know, a push, a shove. I don’t think nothing of it. I didn’t make no big deal out of it.
Because there was no physical injury, claimant’s mental impairment, even if related to the pushing incident at work, is not compensable.
Accordingly, the order below is reversed and the cause remanded with directions that the claim be dismissed.
BOOTH, SMITH, and BARFIELD, JJ., concur.