PER CURIAM.
In this case we are called upon to determine whether, as a matter of law, an employer is prohibited from pleading the affirmative defense of workers’ compensation immunity when its employee is the alleged victim of a workplace sexual assault by a third party. We conclude that it is not.
Professional Telephone Answering Service, Inc. (PROTAS), contends the trial court erred in striking its workers’ compensation immunity affirmative defense. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi).
The Groces allege PROTAS’s negligence resulted in Ms. Groce’s sexual assault by a third party which occurred while she was performing her usual duties as an answering service operator on the evening shift. The trial court, in granting the Groces’ motion to strike the workers’ compensation immunity defense, found that “the incident alleged in this complaint is not within the scope or intent of the Workers’ Compensation Act, and therefore the act’s exclusive remedy provisions do not apply.”
The trial court cited Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla.1989), as a basis for its decision.
The Florida Supreme Court held in Byrd that a victim of sexual harassment in the workplace may receive workers’ compensation for economic injuries such as lost earnings, but may also sue in tort for the “much more intangible injury to personal rights.” Id. at 1104. The court noted that:
The clear public policy emanating from federal and Florida law holds that an employer is charged with maintaining a workplace free from sexual harassment. Applying the exclusivity rule of workers’ compensation to preclude any and all tort liability effectively would abrogate this policy, undermine the Florida Human Rights Act, and flout Title VII of the Civil Rights Act of 1964.
Id. at 1104. We conclude that Byrd is not applicable to this ease because we read Byrd to be restricted 'to sexual harassment which is by public policy the direct responsibility of the employer.
However, allowing the affirmative defense to stand should not be construed to *611 eliminate the possibility of a successful claim against the employer. Section 440.09, Florida Statutes (1991), states that to come under the workers’ compensation act there must be “an injury arising out of and in the course of employment.” Byrd, citing Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla.1980), defines an injury arising out of employment as an injury “caused by a risk inherent in the nature of the work in question.” Byrd, 552 So.2d at 1104 n. 7. Whether the sexual assault in this case was a risk inherent in the nature of the work remains a question to be determined by the fact-finder.
An alternative ground raised by the Groces in their motion to strike the workers’ compensation immunity defense is that in this instance there was no physical injury, only a mental or nervous one. Section 440.-02(1) excludes “[a] mental or nervous injury due to stress, fright or excitement only” from coverage under the act. City of Holmes Beach v. Grace, 598 So.2d 71, 74 (Fla.1992), held that “[F]or a mental or nervous injury to be compensable in Florida, there must have been a physical injury.” If Ms. Groce suffered no accompanying physical injury, recovery may lie against PROTAS. However, this is a fact question which has yet to be determined.
Reversed and remanded with instructions to the trial court to reinstate PROTAS’s affirmative defense of workers’ compensation immunity.
PARKER, A.C.J., BLUE, J., and LUTEN, CLAIRE K., Associate Judge, concur.