633 So.2d 491 (1994)
CITY OF MIAMI BEACH and Johns Eastern Company, Inc., Appellants,
v.
Efrain MORANTES, Appellee.
No. 92-00703.
District Court of Appeal of Florida, First District.
March 2, 1994.
*492 Steven Kronenberg and Jacqueline M. Gregory of Kelley, Kronenberg, Kelley, Gilmartin & Fichtel, Miami Lakes, for appellants.
Mark L. Zientz of Williams & Zientz, Miami, and Joseph C. Segor, Miami, for appellee.
BOOTH, Judge.
This cause is before us on appeal from an order of the judge of compensation claims (JCC). The employer and servicing agent (E/SA) contend that the JCC erred in finding claimant's psychiatric condition compensable.
The relevant facts are that claimant Efrain Morantes worked as a police officer for the City of Miami Beach when, in July 1988, he was involved in a "shootout" with several drug dealers. Claimant's partner was killed during the shootout, and claimant sustained injuries to his head and knee.
Claimant testified that he thereafter came under suspicion within the police department of wrongdoing, and his working relationships with other officers deteriorated. Claimant testified to incidents in which threatening notes were left on his car, and his tires flattened. Claimant recounted an incident which took place in August 1989, in which he woke up in the Everglades with a gunshot wound and after having been beaten. Claimant did not remember how these injuries had occurred. The Internal Affairs Division of the police department concluded that these injuries were self-inflicted.
Claimant, in January 1990, came under the care of Dr. Martinez-Lanza, a psychiatrist. Claimant testified that he related to Dr. Martinez-Lanza a history including the 1988 incident in which claimant's partner was killed, and of having subsequently come under suspicion within the police department. Dr. Martinez-Lanza diagnosed claimant as having depression and treated him with psychotherapy and antidepressants. On the issue of whether claimant's depression was causally related to the 1988 incident, Dr. Martinez-Lanza testified as follows:
Q. Did the incident as he described it to you in 1988 where his partner was shot and killed play any part in what resulted in your diagnosis of depression?
A. Yeah. That was a tremendous stressor for him.
Q. Would your opinion as to that incident in 1988 be the same if you were to learn that in addition to Mr. Morante's partner being killed, that he was also physically injured; that his jaw was fractured and that he injured his left knee and his left ankle?
A. Of course.
Q. What would be the significance of his being injured also?
A. Well, more trauma and more chances of developed post traumatic syndromes.
On cross-examination, Dr. Martinez-Lanza also testified:
Q. Doctor, could you tell us your opinion what specifically about the 1988 incident you feel would have caused him to have a psychiatric problem now?
A. Well, there is an unconscious maybe guilt because his partner was killed. There is a tremendous expectation of himself of what he could have done or not have done. All of that snowballs into the psyches of the patient and increases his depression.
Q. During the time that you have treated Mr. Morantes, has he ever mentioned to you any physical injuries from the 1988 incident to himself?
A. I don't have any recollection of that, no, but it is possible.
....
Q... . Doctor, is it your opinion then that if the 1988 incident is causing any psychiatric problems today, it is because of the death of the partner in the situation?

*493 A. It is possible.
Q. Have your opinions been within reasonable medical probability?
A. Yeah.
The JCC entered an order finding claimant's psychiatric condition compensable. The JCC's reasoning was that claimant gave unrebutted testimony that during the 1988 incident he sustained physical trauma. Citing to Prahl Brothers, Inc. v. Phillips, 429 So.2d 386 (Fla. 1st DCA 1983), the JCC held that a psychiatric condition may be compensable if there is a causal relationship between the physical trauma and the psychiatric condition. Based upon the testimony of claimant and that of Dr. Martinez-Lanza, the JCC found, "There is a causal connection between the claimant's psychiatric problem and the physical trauma that he sustained as well as the trauma of watching his partner die."
It is uncontroverted that the 1988 incident was the actual cause of claimant's depression. At issue in this case, however, is whether claimant's proof met the legal requirements for proof of causation of a mental or nervous injury in a workers' compensation case.[1] In City of Holmes Beach v. Grace, 598 So.2d 71, 74 (Fla. 1992), the court held:
For a mental or nervous injury to be compensable in Florida, there must have been a physical injury. Otherwise, the disability would have been caused only by a mental stimulus, and must be denied coverage under the statutory exclusion. A mere touching cannot suffice as a physical injury... .
Assuming the existence of physical injury, the pivotal question then becomes whether the physical injury is a causative factor in the claimant's mental or nervous injury. Obviously, when a physical injury is more serious, there is a greater likelihood that it played a part in the ensuing mental disorder. However, the fact that the physical injury is relatively minor will not necessarily result in the denial of compensation.
The court expressly overruled cases from this court such as Sheppard v. City of Gainesville Police Department, 490 So.2d 972 (Fla. 1st DCA 1986), and Prahl Brothers, supra, on which the JCC herein relied. In Sheppard and Prahl Brothers, this court had essentially held that a mental or nervous injury resulting from some sort of touching or minor trauma, distinguished from physical injury, could be compensable.
Under Grace, claimant herein was required to present competent, substantial evidence that his physical injuries resulting from the 1988 incident were a causative factor in his depression. The only medical evidence presented as to this issue, however, was the testimony of Dr. Martinez-Lanza, who stated, in response to a question as to the significance of any injuries claimant may have sustained, "more trauma and more chances of developed post traumatic syndromes." The doctor had no recollection of claimant having related physical injuries. Rather, Dr. Martinez-Lanza related claimant's psychiatric condition to the death of claimant's partner, and to claimant's inability to prevent the death of the partner. Consequently, we must conclude that Dr. Martinez-Lanza's testimony falls short of competent, substantial evidence that claimant's injuries were a causative factor in his psychiatric condition. We must, therefore, reverse.
We are aware, however, that the parties and the JCC did not have the benefit of the Grace decision. Consequently, on remand, claimant may present additional evidence on the issue of whether his psychiatric condition is compensable under Grace. The order appealed from is reversed, and this cause is remanded for proceedings consistent herewith.
MINER, J., concurs.
ALLEN, J., concurs in part and dissents in part with written opinion.
*494 ALLEN, Judge, concurring in part and dissenting in part.
I agree with the majority that the evidence presented by the claimant failed to establish that his physical injuries were a causative factor in his psychiatric condition, and that the compensation order must therefore be reversed. I respectfully disagree, however, with the majority's conclusion that, in light of the decision in City of Holmes Beach v. Grace, 598 So.2d 71 (Fla. 1992), the claimant should be permitted on remand to present additional evidence relating to causation.
Although Grace was decided after the merits hearing and after entry of the compensation order in the present case, it should not serve as a basis for allowing the claimant here to reopen his case. The Grace court disapproved decisions from this court which had suggested that incidents involving slight physical contact might serve as the predicate for an award of benefits for an ensuing mental or nervous injury. The Grace court indicated that there must be at least some underlying minor physical injury. But in addressing the necessary level of physical impact, the Grace court did not increase the degree of causal relation which must be shown in connection with the physical stimulus. Indeed, even the decisions disapproved by the Grace court (due to the apparent absence of physical injury) emphasized the necessity for a showing that the physical contacts involved in those cases were "causative factors" and "significant circumstances in the causal etiology" of the mental or nervous injuries. See Prahl Brothers, Inc. v. Phillips, 429 So.2d 386, 387 (Fla. 1st DCA 1983); Sheppard v. City of Gainesville Police Dep't, 490 So.2d 972, 975 (Fla. 1st DCA 1986).
There is no dispute in the present case as to whether the claimant sustained physical injury. Rather, the deficiency in the claimant's proof is as to whether the physical stimulus  involving both contact and injury  was a causative factor with regard to the claimant's psychiatric condition. Because the claimant's proof of causation was inadequate even under Prahl and Sheppard, he is not being disadvantaged by an application of the ruling in Grace.
NOTES
[1] Section 440.02(1), Florida Statutes (1987), provides in pertinent part:

"Accident" means only an unexpected or unusual event or result, happening suddenly. A mental or nervous injury due to fright or excitement only, ... shall be deemed not to be an injury by accident arising out of employment.