ALLEN, Judge.
The claimant appeals a workers’ compensation order denying a claim for benefits relating to a mental or nervous injury. We conclude that this claim was properly denied in accordance with section 440.02(1), Florida Statutes, as applied in City of Holmes Beach v. Grace, 598 So.2d 71 (Fla.1992).
The claimant was working as a correctional officer when he unexpectedly collided with a mailbox, injuring his back. The claimant immediately thought he was being attacked from behind by an inmate, but then realized what had happened. He began having psychiatric problems after this incident.
Section 440.02(1) provides that a “mental or nervous injury due to fright or excitement only ... shall be deemed not to be an injury by accident arising out of the employment.” The claimant contends that his psychiatric problems are not due to fright or excitement only, because the precipitating incident also involved physical injury. However, the claimant’s psychiatrist attributed the claimant’s problems to anxiety and fear associated with his misapprehension of the incident, and indicated that the situation would be unchanged even if the claimant had sustained no physical injury.
In Holmes Beach the supreme court ruled that section 440.02(1) precludes compensability for mental or nervous injuries unless an underlying physical injury is a causative factor. Holmes Beach explains that absent such causation, the mental or nervous injury *96 would result from only a mental stimulus. The statutory exclusion is thus not avoided merely upon an incident which involves physical injury, where the physical injury is not a cause of the mental or nervous injury. See City of Miami Beach v. Morantes, 633 So.2d 491 (Fla. 1st DCA 1994).
Based on the evidence presented, the judge was entitled to find that the claimant’s back injury was not a cause of his psychiatric problems. Because this mental or nervous injury was due to fright or excitement only, the claim was properly denied. The appealed order is therefore affirmed.
BARFIELD and WOLF, JJ., concur.