643 So.2d 34 (1994)
CITY OF HOLLYWOOD and Hartford Insurance Company, Appellants,
v.
Thomas KARL, Appellee.
No. 93-1262.
District Court of Appeal of Florida, First District.
September 14, 1994.
Rehearing Denied October 28, 1994.
*35 Kimberly A. Hill of Conroy, Simberg & Lewis, P.A., Hollywood, for appellants.
Scott Mager, Ft. Lauderdale, and Gary S. Gaffney and Michael G. Hannan of Law offices of Gary S. Gaffney, P.A., Hollywood, for appellee.
ALLEN, Judge.
The employer/carrier appeal a workers' compensation order establishing the compensability of a mental or nervous injury. We conclude that the challenged ruling comports with the standard announced in City of Holmes Beach v. Grace, 598 So.2d 71 (Fla. 1992), because the mental or nervous injury ensued from an underlying physical injury.
The claimant worked for the employer as a firefighter and paramedic. He was called to the scene of a vehicular collision where he attempted to assist an individual who became combative, biting and scratching the claimant's hands. This produced open wounds which bled, but which did not require medical attention. The next day the claimant was called to the scene of a shooting. While attending to a gunshot victim the claimant got a significant amount of the victim's blood on his bare hands. Upon being advised that the gunshot victim had AIDS, the claimant became concerned that he might contract this disease from the blood which had come into contact with his hand wounds. The claimant developed psychological problems, and sought workers' compensation benefits for this mental or nervous injury.
Section 440.02(1), Florida Statutes, provides that a "mental or nervous injury due to fright or excitement only ... shall be deemed not to be an injury by accident arising out of the employment." In Holmes Beach the supreme court ruled that this statute precludes compensability for mental or nervous injuries unless there is an underlying physical injury. While explaining that a mere touching will not suffice, the court indicated that a relatively minor physical injury may serve as the necessary predicate if it is a causative factor in the ensuing mental or nervous injury.
The record in the present case supports the finding that the claimant's psychological problems resulted from the combined effect of the two incidents. The bite and scratch wounds to the claimant's hands constituted the necessary physical injury under Holmes Beach, and section 440.02(1) thus does not preclude compensability because the resulting mental or nervous injury was not due to fright or excitement only.
The appealed order is affirmed.
KAHN and MICKLE, JJ., concur.