SHIVERS, Senior Judge.
Liberty Correctional Institute and the Division of Risk Management appeal the final order of the judge of compensation claims ruling compensable Connie Yon’s post-traumatic stress disorder and fibromyalgia, and awarding her temporary total disability bene *195 fits and medical expenses for her treatment. Because we conclude that the order does not comport with the standard announced in City of Holmes Beach v. Grace, 598 So.2d 71 (Fla.1992), we are constrained to reverse.
The facts of this case are virtually undisputed. While Claimant was employed as a correctional officer working in the mail room at Liberty Correctional Institute, she was forced to endure the sexual advances of her superior. Her claim for benefits was predicated on a repetitive trauma theory of com-pensability arising from the sexual harassment that extended from late 1990 through the end of 1992 and included a single initiating instance of sexual intercourse followed by several episodes of sexual touching. In January 1993, Claimant attended a seminar for female correctional officers at which the women were encouraged to report any sexual abuse encountered on the job. Fortified by the assurances she received at the seminar, Claimant shortly thereafter filed a complaint against her superior for sexual harassment.[1] She also began to seek medical and psychological treatment for depression and depression-related illnesses, and has not returned to work since March 1993.
In addition to filing a civil complaint in circuit court for sexual harassment, Claimant filed a claim, and later an amended claim, for workers’ compensation benefits seeking a determination of the compensability of her alleged injuries stemming from the job-related sexual harassment, and the payment of various indemnity benefits and medical expenses. Claimant continued to receive treatment from a variety of physicians who ultimately diagnosed her condition as depression, anxiety consistent with post-traumatic stress disorder, and fibromyalgia. The latter condition was described by Dr. Alexander, one of Claimant’s treating physicians specializing in the nonsurgical treatment of orthopedic disorders, as a pain amplification syndrome caused by sleep disturbance and the intense mental, psychological and emotional stress that Claimant was experiencing from her job situation.
At the hearing before the judge of compensation claims, the primary issue was whether there was evidence of a sufficient physical injury or trauma causally related to the sexual harassment to support a finding that Claimant’s conditions are compensable under chapter 440, in light of the supreme court’s decision in City of Holmes Beach v. Grace. In concluding that there was legally sufficient evidence of a compensable injury, the judge stated that he could not “construe the repeated physical assaults by [Claimant’s superior] on [Claimant’s] most private bodily areas to represent ‘mere touching’ or incidental contact.” Accordingly, he ruled in favor of awarding Claimant benefits.
On appeal, LCI and the Division argue several points for reversal. However, having thoroughly reviewed the parties’ respective analyses of these points, we conclude that all of them address the overriding issue of whether the evidence established a compen-sable injury or trauma. Accordingly, our analysis will focus on the statutory predicate for a finding of compensability.
Compensation is payable under chapter 440 to an employee if “disability or death results from an injury arising out of and in the course of employment.” § 440.09, Fla. Stat. (1991). Subsection 440.02(17), Florida Statutes (1991), defines “injury” as meaning “personal injury or death by accident arising out of and in the course of employment, and such diseases or infection as naturally or unavoidably result from such injury.” “Accident” is defined in subsection 440.02(1) as “only an unexpected or unusual event or result, happening suddenly,” but in the very next sentence of that subsection, the legislature has deemed not to be an accident “[a] mental or nervous injury due to stress, fright or excitement only.” It is this latter language upon which LCI and the Division focus in arguing that Claimant’s medical and psychological conditions are not compensable because they were caused by stress alone.
Over time, Florida courts have extended the definition of “accident” to cover a broad range of workplace injuries. As the supreme court observed in Byrd v. Richardson- *196 Greenshields Securities, Inc., 552 So.2d 1099 (Fla.1989), in an effort to construe liberally the workers’ compensation statute, the term “accident” has been defined “well beyond the more limited definition suggested by the statutory language.” Id. at 1100. As an example, the supreme court pointed to decisions from this court holding compensable severe emotional disorders temporally preceded by actual but relatively minor physical injuries at the workplace. See Sheppard v. City of Gainesville Police Department, 490 So.2d 972 (Fla. 1st DCA 1986); Prahl Bros., Inc. v. Phillips, 429 So.2d 386 (Fla. 1st DCA), rev. denied, 440 So.2d 353 (Fla.1983). However, without specifically addressing the propriety of the rationale expressed in Sheppard and Phillips, id. at 1101 n. 4, the supreme court in Byrd v. Richardson-Greenshields emphasized that purely emotional injuries are not compensable where no physical injury has occurred, “since the statute by its own terms excludes such matters.” Id. at 1101.
Ultimately, the supreme court did address the propriety of the holdings in Sheppard and Phillips, in City of Holmes Beach v. Grace, wherein it expressly disapproved of the logic of those decisions. In Grace the supreme court emphasized that “[a] mere touching cannot suffice as a physical injury.” Id. at 74. As the court observed:
Where there has been a physical accident or trauma and the claimant’s disability is increased or prolonged by traumatic neurosis, the full disability, including the effects of the neurosis, is compensable under the workers’ compensation law. Superior Mill Work v. Gabel, 89 So.2d 794 (Fla.1956). However, pursuant to section 440.02(1), Florida Statutes (1985), a ‘mental or nervous injury due to fright or excitement only ... shall be deemed not to be an injury by accident arising out of the employment,’ and is therefore not compen-sable under workers’ compensation.
Id. at 72. Thus, the Workers’ Compensation Act precludes compensability for mental or nervous injuries unless there is an underlying physical injury. Because on this record there is no evidence that Claimant suffered a physical injury as a result of the sexual harassment, we conclude the judge erred in finding the claim to be compensable.
We do not mean to suggest that unwanted sexual intercourse or other physical acts of sexual harassment can never be sufficient to satisfy the test for an injury which would be compensable under the workers’ compensation act. However, in this case we are bound by the factual findings of the Judge of Compensation Claims which are supported by competent and substantial evidence. In his final order, the judge found based on the medical testimony that Claimant’s fibromyal-gia “was caused by her intense mental, psychological and emotional distress stemming from the sexual harassment.” We do not argue with that finding as it is based on competent and substantial evidence. We also do not disagree with the judge’s subsequent finding that the fibromyalgia “was not physical trauma in the sense of a direct injury or wound from the act of intercourse or fondling but indeed was a consequence of those acts.” However, those findings do not support the judge’s conclusion that Claimant is entitled to benefits under the statute. The physical manifestation of Claimant’s psychological injuries in the form of fibromyalgia does not satisfy her burden of proving a compensable workers’ compensation injury.
While we do not minimize in any way the indignities Claimant was forced to suffer, and while we join the judge of compensation claims in condemning the behavior of Claimant’s superior, we cannot hold as a matter of law that the sexual harassment she endured under these facts amounted to a physical injury as contemplated by the holding in Grace. Though emotionally traumatizing, Claimant’s experience does not equate, in a legal sense for purposes of coverage under chapter 440, with those cases involving physical injuries that have been found to be causative factors in the ensuing mental or nervous injuries. These decisions, in addition to Watson v. Melman, Inc., 106 So.2d 433 (Fla. 3d DCA 1958), cert. denied, 111 So.2d 40 (Fla.1959), were also noted in Grace and included claimants who were struck by lightning, Moses v. R.H. Wright & Son, Inc., 90 So.2d 330 (Fla.1956); Lyng v. Rao, 72 So.2d 53 (Fla.1954), and a claimant who was blown *197 into the air by an accidental discharge of dynamite, Oolite Concrete Co. v. Carver, 145 So.2d 733 (Fla.1962). In Oolite Concrete Co. v. Carver, the supreme court also reviewed Watson, Moses, and Lyng and held:
As in the instant case, in each of those cases the disability for which compensation was awarded was mental, and in each instance some physical trauma or organic injury, although relatively minor, was suffered by the claimant in the compensable accident found to be responsible for the disabling mental condition.
145 So.2d at 734.
In the present case, Dr. Alexander, whose testimony was accorded substantial weight by the judge, was asked whether he would agree that some degree of physical trauma is involved in unwanted sexual intercourse. Dr. Alexander responded by indicating that he could not agree with that statement, noting that Claimant “specifically” told him that she had never experienced any form of physical trauma. Although Dr. Alexander could not conclusively resolve the ultimate legal issue of physical injury or trauma under the act, his answer was nevertheless undisputed in the record. Consequently, we are forced to hold there is no competent and substantial evidence to support the judge’s finding that Claimant suffered a physical injury or trauma within the meaning of the workers’ compensation statute. Dr. Alexander’s testimony is in stark contrast to the medical testimony which supported a finding of com-pensability in Ramada Inn Surfside v. Swanson, 560 So.2d 300 (Fla. 1st DCA 1990).
Based on the foregoing, we hold that the judge of compensation claims erred in finding that Claimant sustained a physical injury and that her claim is compensable. Accordingly, the order under review is reversed and the cause is remanded.
ALLEN and DAVIS, JJ., concur.

. LCI and the Division have stipulated that the facts as alleged by Claimant did occur, and Claimant's superior was terminated from his employment because of the sexual harassment.