389 So.2d 1218 (1980)
Johnnye Mae WILLIAMS, Appellant,
v.
HILLSBOROUGH COUNTY SCHOOL BOARD and Insurance Company of North America, Appellees.
No. RR-290.
District Court of Appeal of Florida, First District.
October 30, 1980.
Matias Blanco, Jr., of Blanco & Tropp, Tampa, for appellant.
Richard G. Davis, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
PER CURIAM.
Johnnye Mae Williams appeals from an order of the Judge of Industrial Claims urging the judge erred in holding that mental injuries resulting only from emotional causes, without physical trauma, are not compensable under the Florida Workers' Compensation Act. We find no error.
At a hearing, appellant made an offer of proof. The offer included the following alleged facts. Ms. Williams taught hair-dressing and cosmetology for approximately 25 years in the Hillsborough County School System. In the summer of 1974, she left her employment for about two weeks with a non-industrial illness. When she returned to her class she noticed a change in the attitude of her students. She alleges that the students were abusive and resentful. According to the offer, this attitude was eventually expressed by fellow students, administrators and by Ms. Williams' supervisors. Ms. Williams alleges these individuals conspired to intentionally embarrass and humiliate her in an effort to obtain her resignation. Ms. Williams withstood the stress of this abuse until August of 1975 when she was dismissed. After a civil service hearing, in April 1976, Ms. Williams was reinstated with full back pay. Upon her return to work she said that the alleged conspiracy of her employers to force her to resign continued. After she had been back at work for three weeks Ms. Williams suffered a nervous breakdown. Ms. Williams is presently totally disabled, suffering from a psychoneurotic depressive reaction with conversion features.
A claim for compensation was filed with the Bureau of Workmen's Compensation on *1219 November 22, 1978. Ms. Williams contends her disability is compensable even though she suffered no physical trauma. The employer/carrier moved to dismiss the claim on the ground no accident, as defined in the act, had occurred. The judge of industrial claims dismissed the claim stating it failed to show a compensable injury under the Workmen's Compensation Law. We agree.
Florida's Workers' Compensation Law, Section 440.09, Florida Statutes, limits compensation coverage to disability or death resulting from an "injury arising out of and in the course of employment". Section 440.02(6) defines "injury" as "... personal injury or death by accident arising out of and in the course of employment... . The term "accident" is defined in Section 440.02(18) as "... only an unexpected or unusual event or result, happening suddenly". That section goes on to state that a "... mental or nervous injury due to fright or excitement only, ... shall be deemed not to be an injury by accident arising out of the employment".
It has long been recognized in Florida that there must be an actual physical injury upon which to predicate compensation for neurosis. Superior Mill Work v. Gabel, 89 So.2d 794 (Fla. 1956); Watson v. Melman, Inc., 106 So.2d 433 (Fla. 3rd DCA 1958), Arosa Knitting Corp., Travelers Ins. Co. v. Martinez, IRC Order 2-3444 (1978); Osceola County Board v. Gagnon, IRC Order 2-2874 (1974), cert. denied 338 So.2d 842 (Fla. 1976); Cf. Tintera v. Armour and Company, 362 So.2d 1344 (Fla. 1978); General Telephone Co., American Motorists Inc. Co. v. Bass, IRC Order 2-3643 (1978). While the alleged injuries are not encompassed within the Florida Workers' Compensation Act, those injured under such circumstances or other situations not covered by the act are free to pursue common-law remedies. Grice v. Suwannee Lumber Manufacturing Company, 113 So.2d 742 (Fla. 1st DCA 1959).
The order appealed is AFFIRMED.
WENTWORTH and JOANOS, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.