463 So.2d 383 (1985)
Emmett MASSIE, Appellant,
v.
UNIVERSITY OF FLORIDA and Division of Risk Management, Appellees.
No. AY-12.
District Court of Appeal of Florida, First District.
January 24, 1985.
Rehearing Denied February 20, 1985.
Terence J. Kann of Davis, Tabano, Weiss & Kahn, Gainesville, for appellant.
James E. Clayton of Clayton, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for appellees.
MILLS, Judge.
Massie appeals from a workers' compensation order finding that he is not entitled *384 to PTD for his disabling condition of multiple sclerosis because there is no evidence that during his employment by the University of Florida he was exposed to hazards greater than those to which the public is generally exposed. We affirm.
Massie contends the evidence shows that his job subjected him to a greater than normal stress level and that his nondisabling pre-existing multiple sclerosis was aggravated or accelerated by this factor which is peculiar to his employment by the University of Florida.
The University of Florida argues that the evidence shows that stress was not peculiar to Massie's job and that generally job stress is not unusual.
Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980) established the factors necessary to prove injury by repeated exposure: (1) prolonged exposure, (2) the cumulative effect of which is injury or the aggravation of a pre-existing condition, and (3) the claimant is subject to a hazard greater than the general public.
Massie argues that the deputy acted contrary to cumulative, uncontroverted evidence in finding that he had not shown exposure to an extraordinary hazard. The cases relied on by Massie to support this argument are ineffective in this case. McCandless v. M.M. Parrish Construction, 449 So.2d 830 (Fla. 1st DCA 1984), stands for the proposition that "it is an abuse of discretion for the deputy to reject uncontroverted medical testimony without a reasonable explanation." Weaver v. Gold Kist, Inc., 449 So.2d 829 (Fla. 1st DCA 1984), held that "the deputy should offer a sufficient reason for rejecting expert medical testimony, especially if such testimony is unrefuted." However, there was no medical testimony stating that Massie's job stress was an extraordinary hazard uncommon to the public in general. The medical testimony went primarily to the element of causation, i.e., could the particular stress Massie underwent exacerbate his multiple sclerosis. Assuming that unrefuted medical testimony demonstrates that stress caused the exacerbation within a reasonable medical probability, that does not fulfill the required element that the stress was a "hazard greater than that to which the general public is exposed." Festa, supra.
The inquiry must be, therefore, whether there was competent substantial evidence to support the deputy's finding that Massie failed to fulfill that element. There was. Massie's job placement expert stated that stress was "inherent in technical areas" and that "stress at work causes everyone to have difficulties." He further stated that "stress on the job is not unusual," and that for engineers "stress was part of the normal responsibility" of the job. Massie offers no evidence to the contrary, saying only that the job stress at the University of Florida was greater than he had ever had in a job. This contention does not support a finding that the stress was greater than the general public had in jobs, especially when considering that Massie came to the University from a sheltered work environment where "8 to 5" hours were strictly observed.
It is difficult to qualify stress, an emotional condition. Previous cases have dealt with physical hazards over and above those experienced by the general public. See Lake v. Irwin Yacht & Marine Corp., 398 So.2d 902 (Fla. 1st DCA 1981), (bronchitis from acetone chemicals and fiberglass not commonly found in the environment); Food Machinery Corp. v. Shook, 425 So.2d 163 (Fla. 1st DCA 1983), (hearing loss from factory machinery noise). However, because there was expert testimony that Massie's stress was not "unusual" and that job stress causes "everyone" to have difficulty, we must hold that the deputy's holding was supported by competent substantial evidence.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.