MILLS, Judge.
The Employer/Carrier (E/C) appeal from a workers’ compensation order holding that they were estopped from asserting the defense of the statute of limitations to a *725 claim for remedial medical treatment. We reverse.
In November 1980, Gonzalez was injured in an industrial accident. She received authorized treatment until March 1981. The parties stipulated that no compensation or remedial care was provided by the E/C subsequent to March 1981.
On 7 April 1982, Gonzalez wrote the following letter to Sentry:
Sentry Insurance Company
P.O. Box 427
Winter Park, FI. 32790
To Whom It May Concern:
I had an injury that originally occurred while I was working in Tampa for Chem-co Electric Company. The date of the accident was 11/5/80. I now live and work in Winter Haven, Florida and had to see Dr. Donald I. Gale on 3/19/82 in Winter Haven for a reoccurrence of problems from that injury. I had to have a week of traction and medication and x-rays. I gave his office the workmen’s compensation insurance information as they requested and they said they will submit a claim to you.
My question now, is how do I stand as far as the possibility of further reoccur-rences. Dr. Gale indicates this can reoccur just all of a sudden; as it did this time. I woke up and could hardly move. How long will the workmen’s compensation cover me for this injury? It had been such a long time since I had had trouble with it, that I was sure it was all gone and then just to wake up and be in this fix again really throws you.
I would appreciate hearing from you.
Sincerely,
s/Charlotte S. Gonzales
P.O. Box 2585
Winter Haven, FI. 33880
Although Sentry did not answer the letter, it provided an independent medical examination of Gonzalez by a Dr. Mozingo on 3 June 1982. Dr. Mozingo, a neurosurgeon, said Gonzalez had reached maximum medical improvement, had no permanent impairment as a result of the accident and required no treatment. He suggested she use heat, physical therapy and medication should she experience recurrences.
Gonzalez filed a formal claim for remedial care on 5 April 1984. Following the hearing on the claim, the deputy ruled that the E/C was estopped to assert the statute of limitations defense because: (1) the medical records of Dr. Myers, Dr. Gale and Dr. Mozingo, indicate that Gonzalez would suffer recurring back problems; (2) Gonzalez’ letter of 7 April 1982 to Sentry; (3) Gonzalez’ testimony that she intended her letter to be a request for treatment; and (4) Sentry did not submit to her a choice of three doctors from which to choose a treating physician as required by Section 440.13, Florida Statutes.
In the case before us, neither the facts nor the law support estoppel.
It is clear that estoppel requires willful, culpable or negligent misrepresentation. Steen v. Scott, 144 Fla. 702, 198 So. 489 (1940). The deputy here made no findings of any of these elements, and the record does not support such a finding. Sentry did not indicate by silence, acquiescence, or delay that it would cover Gonzalez’ visit to Dr. Gale. The parties stipulated that there had been no remedial treatment since 1981 so the examination by Dr. Mozingo cannot be construed to toll the statute. Gonzalez admitted at the hearing that she did not specifically ask for treatment.
To establish estoppel, it is essential that the other party must rely on the misrepresentation. There being insufficient evidence to find misrepresentation, there can be no finding of reliance.
The statute of limitations as a defense is crucial to the issue of awarding benefits, and imposing estoppel cannot be sustained without a finding, or the facts to support a finding, of misrepresentation and detrimental reliance.
Although a carrier can be estopped to assert the defense of the statute of limitations, (see Howanitz v. Biscayne Electric, Inc. 139 So.2d 678 (Fla.1962); Engle v. *726 Deerborne School, 226 So.2d 681 (Fla.1969); and Foster Wheeler Energy Group v. Fairhurst, 405 So.2d 438 (Fla. 1st DCA 1981)), these cases are distinguishable on the facts.
Because the record does not support the imposition of estoppel and the nature of estoppel necessarily limits the evidence and questions presented at hearings, this case is reversed and remanded for further proceedings to determine if the statute of limitations bars Gonzalez’ claim.
Likewise, it is necessary to reverse the award of attorney’s fees and costs.
BOOTH, C.J., and JOANOS, J., concur.