546 So.2d 78 (1989)
Robert A. LAFAVE, Appellant,
v.
BAY CONSOLIDATED DISTRIBUTORS, Fireman's Fund Insurance Co., and Kemper Insurance Co., Appellees.
No. 88-2422.
District Court of Appeal of Florida, First District.
June 30, 1989.
Rehearing Denied August 1, 1989.
*79 John H. Thompson, IV, of Earle & Thompson, St. Petersburg, for appellant.
Anthony J. Gonzalez, Jr., Law Offices of Luis G. Figueroa, Tampa, for appellees Bay Consolidated Fireman's Fund.
Ted R. Manry, III, and James C. Delesie, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees Bay Consol. and Kemper Ins. Co.
WENTWORTH, Judge.
Claimant seeks review of a workers' compensation order by which a claim for benefits was denied. We find that the claim for benefits based upon a psychiatric injury was properly denied, as claimant's psychiatric problems were not shown to be related to any physical impact or trauma resulting from the employment. But the claim for benefits based upon a back injury should not have been denied based upon the statute of limitations, as the claim was made within two years after the last treatment furnished by the employer on account of the back injury. We therefore reverse the denial of benefits for claimant's back injury, and otherwise affirm the order appealed.
Claimant sought workers' compensation benefits, claiming that he sustained multiple back injuries and a subsequent psychiatric condition while working for the employer. A hearing was held and the parties presented evidence before the deputy commissioner who then determined that claimant had sustained a compensable back injury. The deputy found that this injury occurred in 1981, and that compensation was last paid in 1982. Determining that claimant had not shown any other back injury, the deputy found the 1986 claim as to the 1981 back injury barred by the two-year statute of limitations. The deputy also found that claimant's psychiatric problems, which were unrelated to the back injury, did not involve any physical trauma and were not compensable. The deputy thus denied the claim in its entirety.
The evidence presented below indicates that claimant's psychiatric condition involves both personal problems and the effects of job stress, including long work hours. Testimony suggests that claimant's routine consumption of alcohol while at work in the employer's liquor warehouse adversely affected his psychiatric situation. Testimony also suggests that such consumption was sanctioned by the employer, who furnished the alcohol and approved its use in certain situations as an inducement to the workers. The parties do not assert and we do not address any contention that claimant's alcohol consumption constitutes physical impact or trauma, and there was accordingly no physical impact or trauma from the employment shown to have contributed to claimant's psychiatric condition.
*80 It is well-established that the occurrence of a job related mental injury or neurosis, in the absence of physical impact or trauma, does not constitute an industrial accident, and is not a compensable injury. See e.g., Superior Millwork v. Gabel, 89 So.2d 794 (Fla. 1956); Polk Nursery Co. Inc. v. Riley, 433 So.2d 1233 (Fla. 1st DCA 1983); Williams v. Hillsborough County School Board, 389 So.2d 1218 (Fla. 1st DCA 1980). Section 440.02(1), Florida Statutes, expressly provides that "mental or nervous injury due to fright or excitement only ... shall be deemed not to be an injury by accident arising out of the employment." The deputy properly applied this statute, and the case law, in finding that claimant's psychiatric condition is not compensable.
Massie v. University of Florida, 463 So.2d 383 (Fla. 1st DCA 1985), rev. denied 472 So.2d 1181 (Fla. 1985), does not mandate a contrary ruling. Massie applied Festa v. Teleflex Inc., 382 So.2d 122 (Fla. 1st DCA 1980), rev. denied 388 So.2d 1119 (Fla. 1980), to a claim for benefits for multiple sclerosis allegedly aggravated by job stress. Festa approved prolonged deleterious exposure as one of the criteria for assessing the compensability of internal failures as referenced in Victor Wine & Liquor Inc. v. Beasley, 141 So.2d 581 (Fla. 1961). The opinion in Massie is consistent with this approach, as the case involved an internal failure which was not merely a mental or nervous injury. However, Massie did not depart from the principle delineated in Gabel, et al., supra, and section 440.02(1), with regard to mental or nervous injuries. Psychiatric (mental or nervous) conditions to which no physical impact or trauma contributes remain noncompensable, and claimant's psychiatric claim was thus properly denied.
Claimant initially received psychiatric treatment in 1983, and then again in 1985, both times at the employer's request. This treatment was provided under claimant's employment group health insurance plan, with the employer directly paying the excess amount billed above the policy limit. The evidence suggests that the employer made this gratuitous effort in order to maintain claimant in an employable condition. Claimant asserts that the circumstances should estop employer/carrier from denying the compensability of his continuing psychiatric problems. But claimant has not shown any continuing detriment occasioned by reliance upon the employer's actions, and estoppel is thus inappropriate. See Chemco Electric Supply Inc. v. Gonzalez, 475 So.2d 724 (Fla. 1st DCA 1985).
Although the deputy noted that compensation was last paid in 1982 for claimant's back injury, orthopedic treatment was provided for this injury in 1986, prior to the filing of the claim. As with the psychiatric treatment, this orthopedic care was provided through claimant's employment group health insurance plan, with the employer directly paying medical bills above the policy limit. The provision of orthopedic treatment by the employer revives the limitations period as to claimant's 1981 back injury. See Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla. 1986). Section 440.19(1), Florida Statutes, allows a claim to be filed within two years after the last remedial treatment furnished by the employer. The claim in the present case was thus timely filed as to the 1981 back injury, and should not have been denied based upon the statute of limitations.
The order appealed is affirmed insofar as it denies the claim for benefits for the alleged psychiatric injury. The order is reversed insofar as it applies the statute of limitations to deny the claim for benefits for the 1981 back injury, and the cause is remanded for further proceedings.
JOANOS and NIMMONS, JJ., concur.