. WIGGINTON, Judge.
We affirm the Judge of Compensation Claims’ order finding that claimant did not suffer an impact or trauma which would *130 lead to the compensability of his emotional disorder. Cf. Polk Nursery Company, Inc. v. Riley, 433 So.2d 1233 (Fla. 1st DCA 1983). However, the record evidence establishes a number of promises made by the employer to claimant and to a health care provider that it was authorizing and would pay for counseling, and would be responsible for claimant’s pay for the time he was off work to receive this counseling. Accordingly, we remand this cause to the JCC to consider the issue of estoppel.[1] See, e.g., LaFave v. Bay Consolidated Distributors, 546 So.2d 78 (Fla. 1st DCA 1989); Irigoyen v. Aircraft Services, Inc., 544 So.2d 1054 (Fla. 1st DCA 1989); Chemco Electric Supply, Inc. v. Gonzalez, 475 So.2d 724 (Fla. 1st DCA 1985).
AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.
SHIVERS and BARFIELD, JJ„ concur.

. After considering the entire record, we conclude that this issue was sufficiently raised before the JCC. Neither in their brief, nor at oral argument in this cause did the E/C argue that the issue of estoppel was not raised below.