647 S.E.2d 758

**STATE of West Virginia ex rel. Donald Darling, Petitioner,**

v.

**Darrell V. McGRAW, Attorney General of the State of West Virginia, and State of West Virginia Board of Risk and Insurance Management Respondents.**

No. 33210.

Supreme Court of Appeals of West Virginia.

Submitted: Jan. 23, 2007.

Decided: June 28, 2007.

Concurring and Dissenting Opinion of Justice Albright June 28, 2007.

---

refuse to renew medical liability policies as this decision is reserved to Mutual by statute. W.Va. Code § 33–20F–9.

Donald Darling, Brecksville, OH, Petitioner Pro Se.

Charles R. Bailey, Bailey & Wyant, P.L.L.C., Charleston, for Respondent, State of West Virginia Board of Risk and Insurance Management.

Darrell V. McGraw, Attorney General, Debra L. Hamilton, Deputy Attorney General, Charleston, for Respondent, Darrell V. McGraw, Attorney General of the State of West Virginia.

PER CURIAM.

The instant matter comes before this Court upon the petition of Donald Darling (hereinafter "Darling" or "the petitioner") seeking issuance of a writ of mandamus to compel his former employer, the Attorney General of West Virginia (hereinafter "the Attorney General"), to pay him damages for chronic depression and migraine headaches which he claims have permanently and totally disabled him. Darling asserts that this alleged injury arose in the course of and resulting from his employment by the Attorney General. He does not contend that this injury was the result of a deliberate intention that he be injured or that there is any other claimed fault on behalf of his employer. On October 26, 2006, this Court issued a rule to show cause as to why the requested writ should not be granted. Upon consideration of the limited record before this Court, the pertinent legal authorities and the argument of the parties, we now deny the requested writ of mandamus.

I.

BACKGROUND

Darling commenced his employment with the Attorney General in October, 1991, and continued until his resignation on July 1, 2002. His last actual working day was April 9, 2002, when he stopped working due to chronic depression and migraine headaches. The Attorney General concedes that Darling's chronic depression and migraine headaches have a work-related component to them.

On April 23, 2002, Darling initiated the process for obtaining workers' compensation benefits. Darling's claim for workers' compensation benefits was rejected by the Workers' Compensation Division on June 26, 2002. Specifically, the Workers' Compensation Division ruled that Darling had suffered neither a physical impact nor a physical result from any impact and, therefore, the payment of compensation benefits for Darling's claimed injury was precluded by W. Va.Code § 23–4–1f (1993).[1] Darling protested the rejection to the Office of Judges, which affirmed the rejection on June 24, 2003. Darling next appealed the Office of Judges ruling to the Workers' Compensation Appeal Board[2] which likewise affirmed the rejection on June 7, 2004. Darling elected not to appeal the June 7, 2004, decision of the Workers' Compensation Board of Review to this Court as permitted by W. Va.Code § 23–5–15 (2003).

Darling next instituted a declaratory judgment action in the Circuit Court of Kanawha County on June 25, 2004, against National Union Fire Insurance Company of Pittsburgh ("National Union") and AIG Claims Services, Inc. National Union had contracted with The Board of Risk and Insurance Management ("BRIM") to issue the state's comprehensive liability policy. In this declaratory judgment action, Darling sought payment for his claimed "mental-mental" injury under the stop-gap provision of the West Virginia's comprehensive liability policy. Shortly thereafter, the defendants removed the case to the United States District Court for the Southern District of West Virginia ("District Court"), where it was styled *Donald Darling v. National Union Fire Insurance Company*

---

1. W. Va.Code § 23–4–1f (1993) provides:
    For the purposes of this chapter, no alleged injury or disease shall be recognized as a compensable injury or disease which was solely caused by nonphysical means and which did not result in any physical injury or disease to the person claiming benefits. It is the purpose of this section to clarify that so-called mental-mental claims are not compensable under this chapter.

2. The Workers' Compensation Appeal Board was renamed the Workers' Compensation Board of Review effective January 31, 2004. W. Va.Code § 23–5–11 (2003).

of Pittsburgh, Pennsylvania, and AIG Claims Services, Inc., Civil Action No. 2:04–0835, 2005 WL 3133493 (2005). In response to Darling's contentions, National Union countered that the State was not legally obligated to pay Darling for the claims he asserted, and since there was no liability there was no coverage for his claimed injury under the insurance policy.

Ultimately, the District Court dismissed Darling's declaratory judgment action, without prejudice, on November 23, 2005.[3] *Darling v. National Union Fire Ins. Co.,* 2005 WL 3133493 (S.D.W.Va. Nov.23, 2005). In its Memorandum Opinion and Order, the District Court gave this analysis of Darling's lawsuit before it:

> First, plaintiff's argument that the state is "legally obligated" to him occupies twelve (12) pages of his nineteen (19) page brief. Ironically, implicit in this breadth of discussion is that the state is under no clear legal obligation to pay him damages. Second, there is the difficult legal question of whether, and then to what extent, plaintiff has experienced "bodily injury" as required by the policy, given the original mental-mental nature of his workers' compensation claim. Third, the policy requires that the injury have occurred "in the course of his employment[,]" a requirement about which the Office of Judges at least expressed grave concern. . . .
>
> Given the contingent nature of the arguments, the uncertainty of their success, and, of course, the absence of the insured as a party to this action, one is left in a factual and legal vacuum rendering it well nigh impossible to find the insurer "legally obligated to pay . . . damages" to plaintiff.

*Darling,* 2005 WL 3133493 at *4–5 (footnote omitted). The District Court, in *National Union,* concluded that "[i]nasmuch as plaintiff [Darling] has not shown the state is legally obligated to pay him damages, the defendants have no coverage duty." *Darling,* 2005 WL 3133493 at *5

On June 25, 2004, the same day that he commenced his declaratory judgment action against *National Union,* Darling instituted another action in the United States District Court for the Southern District of West Virginia, designated Civil Action No. 2:04–0647, against Gregory A. Burton, Executive Director, West Virginia Workers' Compensation Commission, in his official and individual capacities, and Pamela Dalton, Claims Representative 3/Senior, in her individual capacity, (hereinafter referred to as "*Burton*"). In the *Burton* action, Darling sought damages and injunctive relief pursuant to 42 U.S.C. § 1983, on the grounds that W. Va.Code 23–4–1f denied him equal protection in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article III, Section 10 of the State Constitution. In its opinion of February 28, 2005, the District Court dismissed Darling's individual capacity claims and ruled that the cited Code section does not violate the equal protection clause of either the federal or state constitutions. *Darling v. Burton,* 2005 WL 2337817 (S.D.W.Va. Feb.28, 2005). Accordingly, the District Court granted the defendants' motion to dismiss the *Burton* action.

Darling acknowledges herein that his alleged injury has been previously adjudicated by the Workers' Compensation Commissioner and the Workers' Compensation Board of Review to be a so-called "mental-mental" condition.[4] As such, Darling's claimed injury was determined to not be compensable from the workers' compensation fund by reason of the provisions of W. Va.Code § 23–4–1f. Darling concedes that he pursued no appeal of the Board of Review's determination.

---

**3.** The District Court's November 23, 2005, Order noted that the Social Security Administration and the West Virginia Consolidated Public Retirement Board had declared Darling permanently and totally disabled in 2002 as a result of his condition. Pursuant to these determinations, Darling was receiving combined monthly benefits of approximately $4,100 from these two public agencies at the time his declaratory judgment action. *Darling v. National Union Fire Ins. Co.,* 2005 WL 3133493, *1, n. 1 (S.D.W.Va. Nov.23, 2005).

**4.** A "mental-mental" claim is, according to our workers' compensation law, a "injury or disease which was solely caused by nonphysical means and which did not result in any physical injury or disease to the person claiming benefits." W. Va.Code § 23–4–1f.

On the instant petition seeking a writ of mandamus, Darling now argues that the Workers' Compensation Act (W. Va.Code § 23–1–1, *et seq.*) either provides or preserves to an employee a no-fault claim for workplace mental-mental injuries for which the employer is directly responsible to pay damages because the West Virginia Legislature has not, according to Darling, granted employers with workers' compensation coverage immunity from such claims. Darling contends that the Attorney General therefore has a nondiscretionary duty to pay damages for his claimed "mental-mental" injuries. Darling further insists that, if this Court grants the writ he seeks, neither the Attorney General nor the State of West Virginia will actually have to pay such a claim since such a claim would be covered by "stop gap" insurance provided by BRIM.[5]

Darling's current petition seeking this Court to grant a writ of mandamus was commenced with the filing of his petition on September 11, 2006. On October 26, 2006, this Court directed the Attorney General to show cause why the writ sought by Darling should not be awarded and named BRIM as an additional respondent to Darling's petition. In considering the extraordinary relief sought herein, we look first to those elements which must coexist for us to consider the issuance of a writ of mandamus. Finding that Darling has failed to satisfy the elements required for our issuance of a writ of mandamus, we decline to issue the writ sought by his petition herein.

## II.

### STANDARD OF REVIEW

■ "Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; and (3) the absence of another adequate remedy at law." Syl. pt. 3, *Cooper v. Gwinn*, 171 W.Va. 245, 298 S.E.2d

781 (1981). It is the petitioner's burden to prove each of these three elements, and his failure to prove any one of them will require the Court to refuse the writ he seeks against the Attorney General. *State ex rel. Richey v. Hill*, 216 W.Va. 155, 160, 603 S.E.2d 177, 182 (2004).

## III.

### DISCUSSION

■ Darling asserts that there is "one statutorily created circumstance" in West Virginia where an employer, rather than the workers' compensation fund, is directly responsible to pay an employee damages for work-related injuries not attributable to the fault of the employer. That one "circumstance", according to Darling, is for so-called mental-mental injuries. Darling claims that an employer's direct responsibility for such no-fault injuries arises from W. Va.Code § 23–4–1f, which, according to his interpretation, merely precludes payment out of the workers' compensation fund for those kind of injuries. Contending that our workers' compensation statutes do not grant the employer immunity from directly paying damages for no-fault mental-mental injuries, Darling argues that the effect of W. Va.Code § 23–4–1f is to leave employers directly responsible for compensating employees for mental-mental injuries in the no-fault resolution system of workers' compensation. We initially observe that Darling's contentions are somewhat perplexing. As we understand Darling's argument, he is claiming that the Workers' Compensation Act and W. Va.Code § 23–4–1f in particular either create or preserve to an employee suffering a work-related mental-mental injury a no-fault, as opposed to a tort, claim against his employer for which the employer, rather than the workers' compensation fund, is liable to respond in damages.

■ This Court permits the invocation of its original jurisdiction by way of the extraor-

---

**5.** We observe that Darling did not, however, name BRIM as a respondent to his filed petition apparently because the writ he seeks from this Court would, as he requests, be limited to "re-

quiring the [Attorney General] to fulfill [a] nondiscretionary legal duty to pay damages for [his] work-related injuries."

dinary remedy of mandamus "only in limited and truly exceptional circumstances." *State ex rel. ACF Industries, Inc. v. Vieweg*, 204 W.Va. 525, 533, 514 S.E.2d 176, 184 (1999). Pursuant to the standard under which we review a petition for a writ of mandamus, we cannot issue the writ sought by Darling against the Attorney General unless Darling shows (1) that he has a "clear right" to be paid damages by the Attorney General, his former employer, for his chronic depression and migraine headaches (hereinafter "right"), which the petitioner claims arose through no fault of his employer in the course of and resulting from his employment; (2) that the Attorney General has a "legal duty" to pay Darling the damages he seeks (hereinafter "duty"); and (3) that he, Darling, has no other adequate remedy of law. *See* Syl. pt. 3, *Cooper v. Gwinn*, 171 W.Va. 245, 298 S.E.2d 781 (1981). Darling bears the burden of proof as to each of these three required elements. *See State ex rel. Richey v. Hill*, 216 W.Va. 155, 160, 603 S.E.2d 177, 182 (2004).

Having reviewed Darling's legal arguments and the record before us, we find that Darling's arguments seeking extraordinary relief fail with respect to the first two requirements which Darling must show before this Court will consider the issuance of a writ of mandamus; *i.e.*, Darling fails to demonstrate a clear right to the relief he seeks and fails to show a legal duty on the part of his employer, the Attorney General, to act. Indeed, as a matter of law, we find that Darling cannot demonstrate such requirements.[6]

■■■ In our recent decision in *Bias v. Eastern Associated Coal Corp.*, 220 W.Va. 190, 640 S.E.2d 540 (2006), we considered whether employers in West Virginia were immune from the types of "mental-mental" claims made by Darling herein. Therein, we concluded that "[a]n employer who is other-wise entitled to the immunity provided by W. Va.Code § 23–2–6 (1991) may lose that immunity in only one of three ways: (1) by defaulting in payments required by the Workers' Compensation Act or otherwise failing to be in compliance with the Act; (2) by acting with 'deliberate intention' to cause an employee's injury as set forth in W.Va. Code § 23–4–2(d); or (3) in such other circumstances where the Legislature has by statute expressly provided an employee a private remedy outside the workers' compensation system." Syllabus point 2, *Bias v. Eastern Associated Coal Corp.*, 220 W.Va. 190, 640 S.E.2d 540 (2006). Moreover, we found that "[a]n employee who is precluded by W.Va.Code § 23–4–1f(1993) from receiving workers' compensation benefits for a mental injury without physical manifestation cannot, because of the immunity afforded employers by W.Va.Code § 23–2–6 (1991), maintain a common law negligence action against his employer for such injury." Syllabus point 3, *Bias v. Eastern Associated Coal Corp.*, 220 W.Va. 190, 640 S.E.2d 540 (2006). Thus, in view of our holding in *Bias*, we can conclude that, as a matter of law, Darling cannot demonstrate a clear right to the relief he seeks and that he cannot show a legal duty on the part of his employer, the Attorney General, to act.

## IV.

## CONCLUSION

Having failed as a matter of law, to demonstrate a clear right to the relief he seeks and to show a legal duty on the part of his employer, the Attorney General, to pay him damages, petitioner's prayer for issuance of a writ of mandamus is denied. Accordingly, the rule to show cause previously issued by the Court on October 26, 2006 is discharged.

**Writ denied.**

6. By finding that Darling fails as a matter of law to demonstrate a clear right to the relief he seeks and fails to show a legal duty on the part of his employer to act, we need not address whether Darling also meets, or fails to meet, the requirement that he demonstrate the absence of an another adequate remedy at law. We observe, however, that notwithstanding a cursory mention of such a requirement in his arguments, Darling fails to substantively address this requirement to our consideration of granting extraordinary relief.

ALBRIGHT, Justice, concurring, in part, and dissenting, in part.

While I concur with the majority's conclusion that Mr. Darling has failed to demonstrate the requirements for the issuance of a writ of mandamus, I dissent to emphasize, as I previously articulated in my partial dissent to *Bias v. Eastern Associated Coal Corp.*, 220 W.Va. 190, 640 S.E.2d 540 (2006) (Albright, J., concurring, in part, dissenting, in part), that the majority is wrong in concluding that West Virginia Code § 23–2–6 (2003) (Repl.Vol.2005) bars a common law negligence action for a mental-mental claim.[1] I was convinced then and am even more convinced now that "the existence of a qualifying compensable injury within the meaning of workers' compensation law is coterminous with the extension of immunity to employers." *Bias*, 220 W.Va. at 200, 640 S.E.2d at 550 (Albright, J., concurring, in part, dissenting, in part). Because there is no question that a "mental-mental" claim is expressly excluded by the terms of West Virginia Code § 23–4–1(f) (1993) (Repl.Vol.2005) from the workers' compensation schema, I remain resolute in my opinion that employers do not have immunity from common law claims which arise from "mental-mental" injuries.

If you accept that immunity from common-law claims is nonexistent for claims that are not within the scope of workers' compensation law, logic requires that employees be permitted to seek recovery for "mental-mental" claims from their employers under common law precepts. As I discussed in my partial dissent to *Bias*, when the *quid pro quo* nature of workers' compensation has been shown to be illusory, as in the case of "mental-mental" claims, the rationale for extending immunity to employers for such work-related claims is similarly nonexistent. A well-recognized commentator has observed that "it ought logically to follow that the employer should be spared damage liability only when compensation liability has actually been provided in its place, or, to state the matter from the employee's point of view, rights of action for damages should not be deemed taken away except when something

of value has been put in their place." Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 100.04, 100–23 (2006); *see Williams v. Hillsborough County School Bd.*, 389 So.2d 1218, 1219 (Fla. 1st Dist.App. 1980) (holding that employee whose work-related neurosis was not compensable under workers' compensation act due to lack of physical injury could seek common law remedies); *Maney v. Louisiana Pacific Corp.*, 303 Mont. 398, 15 P.3d 962, 966 (2000) (recognizing that "[i]f an employee's injury is not compensable under the [Workers' Compensation] Act, the exclusive remedy provision does not preclude a tort action against the employer"); *Smothers v. Gresham Transfer, Inc.*, 332 Or. 83, 23 P.3d 333 (2001) (rejecting exclusive remedy provision of workers' compensation act as unconstitutional on grounds that there was no *quid pro quo* within statutory system to counter loss of right to sue); *Nassa v. Hook–SupeRx, Inc.*, 790 A.2d 368, 375 (R.I.2002) (holding that the workers' compensation "exclusive-remedy provision bars an independent lawsuit only when an employee suffers 'an injury'" for which compensation is available).

Firmly believing that the benefit of the bargain analysis which underlies the establishment of a workers' compensation system completely fails when recovery is expressly denied by statute for an employment-related injury, I reaffirm my opinion that the result reached by the majority in *Bias* should be overruled. *See* W.Va.Code § 23–4–1(f).

I am authorized to state that Justice Starcher joins in this separate opinion.

---

1. While Mr. Darling is adamant that the mandamus petition he filed with this Court is not predicated in common law (he characterizes it as solely statutory in nature), the essence of a "men-

tal-mental" claim that falls outside the statutory parameters of workers' compensation is clearly negligence.