662 S.E.2d 645

**John J. LOVAS, Claimant Below, Appellant,**

v.

**CONSOLIDATION COAL COMPANY, Self–Insured Employer Below, Appellee.**

No. 33670.

Supreme Court of Appeals of West Virginia.

Submitted April 2, 2008.

Decided May 23, 2008.

M. Jane Glauser, Schrader, Byrd & Companion, PLLC, Wheeling, WV, for Claimant–Appellant.

Edward M. George, Phillips, Gardill, Kaiser & Altmeyer, PLLC, Wheeling, WV, for the Employer–Appellee.

Rebecca A. Roush, Richard M. Crynock, Charleston, WV, for Amicus Curiae, West Virginia Offices of the Insurance Commissioner.

ALBRIGHT, Justice.

This is an appeal by John Lovas (hereinafter "Appellant") from a final order of the Workers' Compensation Board of Review (hereinafter "BOR"), certified on April 11, 2007, which affirmed an administrative closure of the Appellant's claim. The Appellant contends that the BOR and the Administrative Law Judge erred by approving the administrative closure. Subsequent to this

Court's review of the record, briefs, arguments of counsel, and applicable precedent, this Court reverses the order of the BOR and remands this matter with instructions.

I.  Factual and Procedural History

The Appellant sustained a back injury on August 13, 1999, while employed as a mechanic by a self-insured employer. The claim was ruled compensable by order dated September 30, 1999. On November 22, 2002, the Appellant was granted a nineteen percent permanent partial disability award. The record reflects that the final medical treatment in this claim was paid on January 21, 2002.

By order dated February 22, 2006, the Claims Administrator closed the Appellant's claim on an administrative basis, pursuant to a regulation, West Virginia 85 CSR § 1–13.1 (2007).[1]  This administrative closure was premised upon the fact that in excess of six months had elapsed since the Appellant's last authorized medical treatment. West Virginia 85 CSR § 1–13.1 provides as follows:

> Medical benefits in all no lost time claims and claims for temporary total disability benefits shall cease and the claim administratively closed six (6) months after the last date of service in the claim. A protestable order shall be issued by the Insurance Commissioner or private carrier upon said administrative closure. Nothing in this provision shall be deemed to abridge an injured worker's right to attempt to reopen the claim at a later date under applicable law.

Upon the Appellant's protest of that closure order, the Administrative Law Judge affirmed the Claims Administrator for the self-insured employer, despite the Appellant's argument that the regulation under which his claim was administratively closed directly conflicted with West Virginia Code § 23–4–16(a)(4) (2005) (Repl.Vol.2005) regarding closure of inactive claims. West Virginia Code § 23–4–16(a)(4) provides as follows:

---

1.  The section dealing with administrative closure was formerly designated as West Virginia 85 CSR § 1–14.1.  It was redesignated as West Virginia 85 CSR § 1–13.1, and this Court will refer to it as such in this opinion.

With the exception of the items set forth in subsection (d), section three [§ 23–4–3] of this article, in any claim in which medical or any type of rehabilitation service has not been rendered or durable medical goods or other supplies have not been received for a period of five years, no request for additional medical or any type of rehabilitation benefits shall be granted nor shall any medical or any type of rehabilitation benefits or any type of goods or supplies be paid for by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, if they were provided without a prior request. For the exclusive purposes of this subdivision, medical services and rehabilitation services shall not include any encounter in which significant treatment was not performed.

In affirming the administrative closure in this case, the Administrative Law Judge reasoned as follows:

After due deliberation, the adjudicator finds as follows. First 85 CSR 1 § 14.1 is not contrary to the provisions of W.Va. Code § 23–4–16(a)(4). The regulation deals only with administrative closure of the claim. W.Va.Code § 23–4–16 and its various subsections bar a claim from being reopened after the applicable time provisions have expired.

Further, the Administrative Law Judge found that "there is no adverse effect foreseen to the claimant since the claimant may still reopen his claim for additional treatment and the number of reopening requests for additional treatment is not limited by statute." The Administrative Law Judge continued:

The only potential adverse effect upon the claimant is that the claimant would have to submit a reopening request to the administrator before additional treatment may be approved. However, additional treatment could not be approved, even under the system in place before the Rule was adopted, without the filing of a request for approval and some showing that the claimant required that he or she did not require before. The pre-Rule system required a de facto "reopening" of the claim in order to obtain additional treatment. Therefore, the reopening request requirement imposed by the Rule is, in actuality, no more restrictive of the claimant that the pre-Rule system.

By order certified April 11, 2006, the Board of Review affirmed the Administrative Law Judge's decision. This Court accepted the Appellant's appeal on October 24, 2007. The Appellant maintains that a significant conflict exists between the regulation and the statute. Consequently, the Appellant contends that the BOR erred in affirming the administrative closure of the Appellant's claim based upon the regulation.

## II. Standard of Review

West Virginia Code § 23–5–15(c) (2005) (Repl.Vol.2005) provides the following standard of review for appeals from the BOR [2] to this Court:

If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the supreme court of appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. If the court reverses or modifies a decision of the board pursuant to this subsection, it shall state with specificity the basis for the reversal or modification and the manner in which the decision of the board clearly violated constitutional or statutory provisions, resulted from erroneous conclusions of law, or was based upon the board's material misstatement or

---

2. We note that the BOR was previously identified as the Workers' Compensation Appeal Board, with the change in name becoming effective on January 31, 2004. See W. Va.Code § 23–5–11 (2005) (Repl.Vol.2005); State ex rel. Darling v. McGraw, 220 W.Va. 322, 324, n. 2, 647 S.E.2d 758, 760 n. 2 (2007).

mischaracterization of particular components of the evidentiary record.

■ In *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E.2d 698 (1970), this Court explained that "[w]hile the findings of fact of the [BOR] are conclusive unless they are manifestly against the weight of the evidence, the legal conclusions of the [BOR], based upon such findings, are subject to review by the courts." 153 W.Va. at 812, 172 S.E.2d at 707 (quoting *Emmel v. State Compen. Dir.*, 150 W.Va. 277, 284, 145 S.E.2d 29, 34 (1965)). Conclusions of law are subjected to *de novo* inspection. Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 453 S.E.2d 395 (1994). "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). In syllabus point one of *Appalachian Power Company v. State Tax Department*, 195 W.Va. 573, 466 S.E.2d 424 (1995), this Court also explained that "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review."

Observing the dictates of these standards, this Court proceeds to address the arguments advanced by the Appellant.

### III. Discussion

■ Upon thorough review of the matter, this Court has concluded that West Virginia 85 CSR § 1–13.1 does not comport with the West Virginia Code § 23–4–16(a)(4) and is void. West Virginia 85 CSR § 1–13.1 was implemented to provide a method of administratively closing a claim for medical benefits six months after the last date of service. It was conceived as an administrative rule designed to permit claims administrators to internally manage their pending worker's compensation claims by providing a mechanism to deem files active or inactive. As the Insurance Commissioner explains in an amicus brief, the regulation "is purely a bookkeeping function" and "is not intended to permanently close or bar a claim, nor is it intended to prohibit the claimant from requesting additional medical treatment necessary to treat the compensable injury." [3]

While an alteration of West Virginia Code § 23–4–16(a)(4) was not contemplated by the regulation, the manner in which the regulation has been implemented has served to alter the application of West Virginia Code § 23–4–16(a)(4) and has generated the misconception that it is necessary to formally petition to reopen any claim closed administratively under the regulation or to demonstrate an aggravation of the claimant's condition.[4]

■ In *Repass v. Workers' Compensation Division*, 212 W.Va. 86, 569 S.E.2d 162 (2002), this Court addressed a challenge to a rule allegedly conflicting with a worker's compensation statute. This Court explained that "[t]here is no question that when the rules of an agency come into conflict with a statute that the statute must control[.]" 212 W.Va. at 102, 569 S.E.2d at 178. "Though the courts have the power to harmonize a rule with an ambiguous statute, we must follow the will of the Legislature when expressed with clarity." *Id.* at 103, 569 S.E.2d at 179; *see also Kessel v. Monongalia County Gen. Hosp. Co.* 220 W.Va. 602, 619, 648 S.E.2d 366, 383 (2007) ("The clarity of legislative intent when enacting a statute is a primary consideration in determining the significance with attaches to a legislative rule promulgated thereunder").

■ This Court also explained as follows in syllabus point five of *Appalachian Power*,

> " 'Rules and Regulations of ... [an agency] must faithfully reflect the intention of the legislature; when there is clear and unambiguous language in a statute, that

**3.** The Insurance Commissioner also explains the practical function of the regulation, permitting efficient management of dormant claim files and limiting costs associated with hiring claims administrators based upon the levels of activity of claims files. The amicus brief filed by the Insurance Commissioner is stellar and has provided greatly appreciated assistance to this Court in scrutiny of this matter.

**4.** The Insurance Commissioner acknowledges that the regulation "does not reflect the [Insurance Commissioner's] interpretation as to how administrative closures should be implemented."

language must be given the same clear and unambiguous force and effect in the ... [agency's] Rules and Regulations that it has in the statute.' Syl. pt. 4, *Ranger Fuel Corp. v. West Virginia Human Rights Commission,* 180 W.Va. 260, 376 S.E.2d 154 (1988)." Syl. pt. 2, in part, *Chico Dairy Company v. Human Rights Commission,* 181 W.Va. 238, 382 S.E.2d 75 (1989).

195 W.Va. at 579, 466 S.E.2d at 430; *see also Boley v. Miller,* 187 W.Va. 242, 246, 418 S.E.2d 352, 356 (1992) (recognizing that agency's statutory interpretation is inapplicable where such interpretation " 'is unduly restricted and in conflict with the legislative intent' ") (quoting Syl. Pt. 5, in part, *Hodge v. Ginsberg,* 172 W.Va. 17, 303 S.E.2d 245 (1983)).

■■■■ Syllabus point four of *Maikotter v. University of W. Va. Bd. of Trustees,* 206 W.Va. 691, 527 S.E.2d 802 (1999), is also instructive:

Any rules or regulations drafted by an agency must faithfully reflect the intention of the Legislature, as expressed in the controlling legislation. Where a statute contains clear and unambiguous language, an agency's rules or regulations must give that language the same clear and unambiguous force and effect that the language commands in the statute.

Similarly, we explained as follows in syllabus point three of *Rowe v. West Virginia Department of Corrections,* 170 W.Va. 230, 292 S.E.2d 650 (1982):

It is fundamental law that the Legislature may delegate to an administrative agency the power to make rules and regulations to implement the statute under which the agency functions. In exercising that power, however, an administrative agency may not issue a regulation which is inconsistent with, or which alters or limits its statutory authority.

In syllabus point five of *CNG Transmission Corp. v. Craig,* 211 W.Va. 170, 564 S.E.2d 167 (2002), this Court explained that "[t]he judiciary is the final authority on issues of statutory construction, and we are obliged to reject administrative constructions that are contrary to the clear language of a statute."

*See also Anderson & Anderson Contractors, Inc. v. Latimer,* 162 W.Va. 803, 807–08, 257 S.E.2d 878, 881 (1979) ("Although an agency may have power to promulgate rules and regulations, the rules and regulations must be reasonable and conform to the laws enacted by the Legislature.").

■■■■ In the case sub judice, this Court holds that West Virginia 85 CSR § 1–13.1 is void because it does not reflect the intention of the legislature as expressed in West Virginia Code § 23–4–16(a)(4), especially as the rule has been administered since promulgation. The administrative closure accomplished through the regulation inaccurately connotes that the claim has been closed notwithstanding the contrary language of West Virginia Code § 23–4–16(a)(4). A claim remains open for medical benefits on an unlimited basis until it satisfies the statutory requirements for permanent closure identified in West Virginia Code § 23–4–16(a)(4).

■■■■ As the Insurance Commissioner suggests, a procedural rule designed to permit an internal temporary deactivation of a worker's compensation file would potentially prove helpful to claims administrators. If such a rule is promulgated, it should clearly and concisely articulate (1) that any temporary deactivation is not a closure of a claim, (2) that the claimant should not be notified of the internal deactivation, (3) that a petition to reopen or the filing of a new claim is not necessary to internally reactivate the claim, and (4) that the standard evidence demonstrating that a requested authorization is medically necessary and reasonably required to treat the injury will suffice to internally reactivate the claim.

■■■■ Either by procedural rule or other proper means, each claimant whose claim has been subjected to administrative closure under the purported authority of West Virginia 85 CSR § 1–13 and whose claim remains active under the five-year rule of West Virginia Code § 23–4–16(a)(4) should be notified in writing that the claim has not been closed and that the standard evidence indicating that a requested authorization is medically necessary and reasonably required will justify continued action on the claim if appropri-

ate under West Virginia Code § 23–4–16(a)(4).

Based upon the foregoing, this Court invalidates West Virginia 85 CSR § 1–13.1 and concludes that the lower tribunals erred in affirming the closure of the Appellant's claim on an administrative basis. This Court therefore reverses the BOR decision and remands this matter for the entry of an order declaring the Appellant's claim open for medical treatment, to the extent and for the lime permitted under West Virginia Code § 23–4–16(a)(4). The Clerk of the Court is hereby directed to issue the mandate in this case forthwith.

Reversed and Remanded with Directions.

Justice STARCHER concurs and reserves the right to file a concurring opinion.

STARCHER, J., concurring:

I concur with the conclusion reached in the majority opinion that West Virginia 85 CSR § 1–13.1 "is void because it does not reflect the intention of the legislature as expressed in West Virginia Code § 23–4–16(a)(4), especially as the rule has been administered since promulgation...." Syllabus Point 7, in part. I also concur with the mandate set out in the majority opinion that

> [e]ither by procedural rule or other proper means, each claimant whose claim has been subjected to administrative closure under the purported authority of West Virginia 85 CSR § 1–13 and whose claim remains active under the five-year rule of West Virginia Code § 23–4–16(a)(4) should be notified in writing that the claim has not been closed and that the standard evidence indicating that a requested authori-

zation is medically necessary and reasonably required will justify continued action on the claim if appropriate under West Virginia Code § 23–4–16(a)(4).

222 W.Va. at 96, 662 S.E.2d at 650.

I write separately to discuss the mandate that requires the Commissioner and other proper parties to notify all claimants affected by the administrative closure of a claim. A common sense reading of the holding suggests that a reopening application made following an administrative closure should not be counted as one of the two permissible reopening applications as set forth in *W. Va.Code*, 23–4–16(a)(1) and (2).

Recognizing that claimants have a limited number of opportunities to apply for a reopening of a claim, the holding of the majority—and the mandate therein stated—must be tightly construed against the Commissioner or the agency. Therefore, the notice required by the mandate of the holding in this appeal should clearly include specific notice to claimants who had to use one or more of the two reopening applications permitted by *W. Va.Code*, 23–4–16(a)(1) and (2), that such reopening applications are redesignated as a request for benefits and will not otherwise be counted as a reopening application for purposes of *W. Va.Code*, 23–4–16(a)(1) and (2).