# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**June 27, 2014**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DIANA S. WADE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0212** (BOR Appeal No. 2047472)
                    (Claim No. 2011024596)

**OHIO VALLEY MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Diana S. Wade, by William C. Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ohio Valley Medical Center, Inc., by Toni J. Minner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 31, 2013, in which the Board affirmed, in part, and reversed, in part, a July 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 28, 2011, decision which held the claim closed and found that there was no causal relationship between neck complaints and the compensable injury. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Wade, a registered nurse, was injured in the course of her employment on January 13, 2011, while lifting a patient. Her claim was held compensable for lumbosacral and thoracic sprain/strain. Ms. Wade alleges that she developed cervical pain shortly after the compensable injury. She was thereafter diagnosed with cervical and trapezius sprain/strain and it was requested that the conditions be added to the claim. On September 28, 2011, the claims administrator held the claim closed based upon an independent medical evaluation by Bill Hennessey, M.D., finding that she had reached maximum medical improvement for her

1

compensable conditions. In its decision, the claims administrator also stated that there was no causal relationship between the complaints of neck pain and the compensable injury.

The Office of Judges reversed the claims administrator's decision in its July 6, 2012, Order. It held that a claim cannot be administratively closed for treatment until barred by West Virginia Code § 23-4-16(a)(4) (2005). It found that the claims administrator's decision closed the claim but did not specifically state what the claim was being closed for. The Office of Judges found that Ms. Wade was not receiving temporary total disability benefits and had not received a permanent partial disability award at that time. Therefore, it was determined that the claims administrator intended to close the claim for further treatment. In *Lovas v. Consolidation Coal Company*, 222 W.Va. 91, 662 S.E.2d 645 (2008) this Court stated that a claim remains open for medical benefits on an unlimited basis until it satisfies the statutory requirement for permanent closure for treatment as set forth in West Virginia Code § 23-4-16(a)(4). The Office of Judges found that the claims administrator's attempt to administratively close the claim was specifically disavowed in *Lovas.* Pursuant to West Virginia Code § 23-4-16(a)(4), a claim will be closed for further treatment only when no substantial treatment or durable medical goods have been rendered in the treatment of the claimant's compensable condition for a period of five years. Since Ms. Wade has had treatment in the past five years for her compensable injury, the Office of Judges held that her claim could not be closed for all further treatment. It noted that the claims administrator's decision did not specifically deny any request for treatment. It also did not address the addition of cervical sprain or trapezius sprain as compensable diagnoses in the claim. Those issues were determined not to be before the claims administrator and the Office of Judges declined to make a ruling on those issues.

On January 31, 2013, the Board of Review affirmed the Office of Judges' Order insofar as it held that the claim could not be administratively closed. However, it reversed the Order insofar as it declined to rule on the compensability of the cervical condition. The Board of Review held that the claims administrator did address the compensability of the cervical condition when it stated that there is no causal connection between the neck complaints and the compensable injury. The Board of Review ultimately found that there are many inconsistencies in the evidentiary record and a preponderance of the evidence therefore failed to demonstrate that Ms. Wade's neck condition is causally related to her compensable injury. It therefore reinstated the claims administrator's decision insofar as it held that there is no causal relationship between the complaints of neck pain and the compensable injury.

The Board of Review's decision is based, in part, upon a misstatement or mischaracterization of the evidentiary record. It found that the claims administrator addressed whether or not a cervical condition was a compensable component of the evidentiary record. However, the claims administrator's decision merely stated "[t]here is no causal relationship concerning complaints to the neck and the accepted injury of above." The decision failed to make a ruling on the compensability of the requested conditions of cervical and trapezius sprain/strain.

For the foregoing reasons, we affirm the Board of Review's decision insofar as it held that the claim could not be administratively closed. We reverse the decision insofar as it held that

2

there is no causal relationship concerning complaints to the neck and the compensable injury. The case is remanded with instructions to make a finding regarding compensability of the requested diagnoses of cervical sprain/strain and trapezius sprain/strain.

Affirmed, in part, and reversed and remanded, in part.

**ISSUED: June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II